### TERESA E. PAGE v. JOSEPH B. PAGE.

(Filed 2 December, 1914.)

**Divorce a Mensa—Custody of Child—Former Decision—Appeal and Error—Improvident Appeal.**

In this suit for divorce *a mensa* it was directed on a former appeal (166 N. C., 90) that the lower court retain jurisdiction of a minor child of the marriage until the hearing, etc., and to refrain from changing the custody of the child or permitting it to be carried out of the State, and the judgment of the lower court having already been sustained as in accordance with the former appeal, this appeal becomes irrelevant and improvident.

APPEAL by defendant from *Long, J.*, at April Term, 1914, of POLK.

*Quinn, Hamrick & McRorie* for plaintiff.
*Spainhour & Mull, Smith & Shipman* for defendant.

CLARK, C. J. This is an appeal from a decree of *Long, J.*, awarding the custody of the little girl, Eva Page, to her mother, who is a nonresident of this State, pending the appeal, upon giving bond in the sum of $1,000 for her production at the order of the court.

This matter was presented to us on a motion for supersedeas, *Page v. Page,* 166 N. C., 90, and the Court directed the lower court to "retain jurisdiction of the child until the hearing of the appeal, so that the final determination of this Court, if in favor of the father, may be effective," and also required the lower court to "refrain from changing the custody of the child, pending an appeal, or permitting it to be carried out of the State," citing *Harris v. Harris,* 115 N. C., 587. The cause has since been tried and the issues found by a jury, and the appeal in this latter case has been determined at this term, *Page v. Page, ante,* 346.

This appeal, therefore, is now irrelevant and improvident.

Appeal dismissed.