# Wytheville

## ANNIE L. WILSON v. GEORGE H. WILSON.

### June 14, 1923.

1. ANSWERS—*Answer as Evidence—Answer not under Oath.*—A bill by a mother seeking the custody of minor children alleged that the children and their father, the defendant, were residents of Maryland at the time it was instituted, but the answer denied this and averred that defendant and the children were residents of Virginia. The bill waived an answer under oath, and there being a general replication the answer cannot be taken as true. The effect of the answer was to cast on the complainant the burden of proof.

2. PARENT AND CHILD—*Residence of Children—Prior Habeas Corpus Proceedings as Evidence of Residence.*—In a bill for the custody of infant children complainant alleged that the children and defendant were residents of Maryland, which defendant in his answer denied. Prior *habeas corpus* proceedings between the same parties in regard to the custody of the children referred to in and made part of the answer showed that the defendant and the children were residents of Virginia just prior to the bringing of a suit for divorce by complainant in Maryland and were such residents when such proceedings were instituted.

   *Held:* The court was justified in finding, upon inspection of the *habeas corpus* proceedings, and upon the denials in the answer that any new residence had been acquired, that the children were and are residents of Virginia.

3. PARENT AND CHILD—*Suit for Custody of Children—Prior Habeas Corpus Proceedings made a Part of Answer—Right of Court to Inspect the Habeas Corpus Proceedings—Judicial Notice—Other Proceedings in the same Court.*—In a suit for the custody of children defendant made prior proceedings in *habeas corpus* for the custody of the children a part of his answer and prayed that the court would inspect the same. Under these circumstances defendant was not obliged to offer a copy of the *habeas corpus* proceedings, and the court could lawfully inspect them and treat them as a part of the record in the case. It is true that courts are not held to have judicial notice of other proceedings even in their own courts. But in this case the court was not called upon to take judicial notice of the *habeas corpus* proceedings, because the record therein was vouched and made a part of the answer.

4. PARENT AND CHILD—*Custody of Children—Violation of Court Order—Foreign Decree—Full Faith and Credit.*—Complainant in the instant suit sought to recover custody of her infant children from their father. Complainant had in prior *habeas corpus* proceedings sought to obtain the custody of the children and been defeated, and had violated the order in those proceedings by refusing to return the children to their father, and had sought further to nullify the proceedings by obtaining a divorce in Maryland granting her the custody of the children. The children were residents of Virginia when this suit was brought. The same judge who tried the *habeas corpus* proceedings decided the instant case against complainant.

*Held:* That under the facts, the full faith and credit clause of the Federal Constitution could not be invoked in favor of the Maryland decree, and the decree of the lower court awarding the custody of the children to their father should be affirmed.

Appeal from a decree of the Circuit Court of Middlesex county. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*R. H. Talley* and *R. T. Strickland,* for the appellant.

*Lewis & Sutton, John R. Saunders* and *Leon M. Bazile,* for the appellee.

KELLY, P., delivered the opinion of the court.

This is an appeal from a decree involving the custody of infant children. The appellant, Annie L. Wilson, was the wife of the appellee, George H. Wilson, from whom she obtained a divorce in the State of Maryland, in February, 1921.

The parties to this suit were married in Maryland on the 3rd of April, 1899, and lived together in that State until the year 1916. Three children were born of this marriage, the eldest now being of age. In November, 1917, the appellee became a resident of Middlesex

county, Virginia, and brought his infant children with him to that county.

Shortly thereafter the appellant instituted *habeas corpus* proceedings against the appellee in the Circuit Court of Middlesex county, whereby she sought to obtain the custody of these children.   Upon a hearing in the circuit court, presided over by Honorable Claggett B. Jones, the appellant's petition was, by an order dated March 26, 1918, denied, and the custody of the children awarded to the appellee, George H. Wilson. Subsequently, by an order entered March 10, 1920, the former order was modified so as to allow the appellant, Annie L. Wilson, to have charge of them from June 20th to September 10th in each year.

On June 20, 1920, the appellee, who was then in Middlesex county, in compliance with the last mentioned order, delivered the children to the care and custody of the appellant, who was then at Chevy Chase, in the State of Maryland, but she failed to return them to him on September 10, as the court had directed.   In the meantime, in August, 1920, the appellant instituted in the Circuit Court of Montgomery county, Maryland, a suit in equity wherein she prayed for a divorce from the appellee and for the custody of the children.   Process was personally served on the appellee and a final decree was entered in the case granting the appellant a divorce from the bonds of matrimony and awarding the children to her.

During the course of the proceedings in the Maryland court, certain orders were entered against and served upon the appellee, enjoining him from interfering with the children, and directing him to pay certain fees and maintenance charges.   He did not file a formal answer to the suit, but did file a written motion to dissolve the injunction, with which he combined an answer to a

rule of the Maryland court, in which he undertook to justify his course. The injunction was not dissolved and the rule was not discharged, but the defendant took no further notice thereof and removed the children sometime after September 10, 1920, to the State of Virginia.

In July, 1921, the appellant filed her bill in the present suit in the Circuit Court of Middlesex county, wherein she alleged that the appellee wilfully and without cause deserted her in Maryland in 1917, and without her knowledge and consent brought the two children in question to the home of his sisters, in Middlesex county, Virginia; and that she had continued to live in Maryland, but that the appellee, in the spring of 1919, left Virginia and again took up his residence in Maryland, subsequently bringing his sisters and the two children to reside there. The bill further referred to the divorce suit in Maryland, and filed a duly verified copy of the record therein as an exhibit; and alleged that in violation of the order of the Maryland court the appellee had removed the children to Virginia. She further alleged that the appellee was a resident of Maryland when served with process in the divorce suit in that State, and that the decree therein granting her a divorce and awarding to her the custody of the children was entitled to full faith and credit in the courts of Virginia by virtue of the provisions of section 1 of article 4 of the United States Constitution.

The prayer of the bill was that George H. Wilson be made a party and required to answer, but not under oath, an answer under oath being waived; that the custody, control and guardianship of the children be awarded to her; that George H. Wilson be required to immediately deliver the children to her, and be enjoined and restrained from interfering with her custody

and control of them; and that the decree of the Maryland court be given full faith and credit.

The appellee answered the bill, and so much of the answer as is material may be stated as follows: That the respondent and his two children, in the year 1919, were and had ever since been residents of Virginia, having resided only temporarily in Maryland in April and May, 1919; that the court in the pending cause could get a clear and full understanding of the respective rights of the complainant and respondent by an examination of the *habeas corpus* proceeding above referred to, and the respondent prayed that such proceedings should be made a part of his answer; that pursuant to the order of March 10, 1920 (above mentioned), he delivered the children to the complainant on June 20, 1920, and that she failed and refused to return them on September 10, 1920, as the order required; that the orders in the *habeas corpus* proceeding were entitled to full faith and credit in the courts of this State, notwithstanding the decree in the Maryland suit; that the facts and circumstances which had transpired since the order entered in the *habeas corpus* proceeding had not changed, "except that the evidence would show that it is more to the interest of the infant children that they should not be turned over to their mother, but should remain with their father," and that the complainant is not the proper person to have charge of them.

The answer made certain other allegations which we do not deem it necessary to set out here, and denied all of the material allegations in the bill, either generally or specifically, in so far as such allegations were of a character to entitle her to the relief which she sought.

The cause was heard on the bill and exhibits and general replication to the answer, and the court there-

upon entered the decree appealed from, which we deem it well to set forth here in full as follows:

"Upon consideration whereof, it appearing to the court that upon a hearing of a petition for a writ of *habeas corpus,* instituted upon the complaint of Annie L. Wilson, the plaintiff in this cause, the custody of the two infant children, Julie E. Wilson and Edward S. Wilson, was by a decree of this court committed to the care and custody of the defendant, George H. Wilson, and thereafter, upon the application of the complainant, in said *habeas corpus* proceeding, the said order was, on March 10, 1920, so modified that the said Annie L. Wilson was awarded the care and custody of the said children from June 20th until September 10th of each year, the said children to be left in the care and custody of the defendant, George H. Wilson, the rest and residue of each year until the further order of the court.

"And it further appearing to the court, from the answer of the defendant in this cause, that the complainant, Annie L. Wilson, at the end of the first period, to-wit: On September 10, 1920, refused and failed to deliver up said children unto the defendant, which she had been required so to do by the said order of this court;

"And it further appearing that the said children are now and *and* have been for more than one year last past, citizens of the State of Virginia, and are now and have been residing with their father in said State; that one of said children is fifteen years of age, and her wishes as to the custodian of her person is entitled to great weight;

"And the court being of opinion that the physical, moral and spiritual welfare of the said children would be better cared for under the care and custody of their

father, George H. Wilson, as has been heretofore decreed by this court after mature consideration, and the court being further of the opinion that the said children as citizens of the State of Virginia, are peculiarly under its guardianship and are not under the control of the courts of Maryland, and cannot be removed from the State of Virginia by virtue of any decree of said court of Maryland in any divorce proceeding between their parents, and that such decree does not in any manner conclude this court in passing upon what may be to the best interests of the said children, even though in a divorce proceeding instituted subsequent to the said *habeas corpus* proceeding, the court of Maryland may have decided that the custody of said children should be awarded to the complainant;

"The court doth adjudge, order and decree that the prayer of the bill be denied as to the care and custody, control and guardianship of the infant children, and the bill of complaint be dismissed, the complainant not insisting upon any other relief in this cause.

"And the object of this suit being accomplished, the same is stricken from the docket."

There was no error in the foregoing decree. It is to be noted that the bill contained no allegations concerning the welfare of the children, and relied solely on the effect of the Maryland decree. And although there are five assignments of error, they all depend, as practically or expressly conceded in the petition for the appeal, and as clearly shown from the entire record, upon the single question, whether the decree in Maryland as to the custody of the children was conclusive in the present case by virtue of the full faith and credit clause of the Federal Constitution. The effect of that decree as to the divorce is not questioned and is not involved.

[1-3] The bill charges, in effect, that the appellee and

two children were residents of Maryland at the time the suit was instituted, but the answer denies this and avers that he and the children were residents of Virginia. The bill waived an answer under oath, and there being a general replication the answer cannot, as contended by counsel for appellee, be "taken as true unless they are disproved by evidence of greater weight than the testimony of a single witness." The case of *Coldiron* v. *Asheville Shoe Co.*, 93 Va. 364, 25 S. E. 238, and other Virginia cases cited in support of this contention, were not cases in which the answer under oath was waived. The effect of the answer in this case was merely to cast on the complainant the burden of proof. *Milhiser* v. *McKinley*, 98 Va. 207, 211, 35 S. E. 446; Lile's Eq. Pl. & Pr. (1922), sec. 239. But the *habeas corpus* proceeding referred to in and made part of the answer showed that the appellant and the children were residents of Virginia just prior to the bringing of the suit in Maryland and were such residents when such proceedings were instituted. The Circuit Court of Middlesex county, therefore, upon inspection of these proceedings, and upon the denials in the answer that any new residence had been acquired, was justified in finding, as it did find, that they were and are residents of this State. These *habeas corpus* proceedings were a part of the permanent records of the trial court—the Circuit Court of Middlesex county. Having made them a part of the answer and prayed that the court would inspect the same, the appellee was not obliged to offer a copy, and the court could lawfully inspect them and treat them as a part of the record in this case. It is true that courts are not held to have judicial knowledge of other proceedings, even in their own courts. 1 Jones on Evidence (Blue Book), sec. 124, p. 597. But in this case the court has not been called upon to take

judicial notice of the *habeas corpus* proceedings, because the record therein was vouched and made a part of the answer. No copy was necessary. 1 Greenleaf on Ev., sec. 502. The decree appealed from shows that the court did in fact inspect the record in the *habeas corpus* proceeding, treating it, to all practical intents and purposes, as a part of the record in the present case, and basing the decree in a large part thereon.

[4] The record before us fully justifies the inference that the appellant, having first been defeated in her contest before Judge Jones for the custody of the children, violated his order in that respect and sought to further nullify his action by the divorce suit in Maryland.

The children in question were residents of this State when this suit was brought and when the decree complained of was entered. The same judge who tried the *habeas corpus* proceeding decided this case. It is clear from his decree that it is based largely upon his own knowledge of the situation, and that it is actuated by the best interests of the children.

Under the facts disclosed by the record, we are of opinion that the full faith and credit clause of the Federal Constitution cannot be successfully invoked in this case by the appellant. The following authorities we think fully sustain this conclusion: 1 Tiede, State & Fed. Const., p. 326; *Ex parte Alderman*, 157 N. C. 507, 73 S. E. 129, 39 L. R. A. (N. S.) 988; *Ex parte Stewart*, 77 Misc. Rep. 524, 137 N. Y. S. 202; *In re Bort*, 25 Kan. 308, 37 Am. Rep. 255-8; *Seely* v. *Seeley*, 30 App. Cas. (D. C.) 191, 12 Ann. Cas. 1058.

The decree appealed from is affirmed.

*Affirmed.*