This action was instituted to recover the sum of $720.00, which the plaintiff alleges was due the plaintiff by virtue of the terms of a written contract, dated 31 October, 1931. The defendant denied the indebtedness and alleged that the claim of plaintiff constituted usury.
All parties agreed that the trial judge should find the facts. Accordingly, it was found that the said sum of $720.00 demanded by plaintiff represented interest on a $12,000 note due the plaintiff by C. E. Carter, W. A. Carter, and Mrs. Verbena Carter, and that said note was part of the original purchase price of certain property purchased by the defendant from the plaintiff, and that the $720.00 "agreed to be paid by the defendant and involved in this suit represented the interest due on the $12,000 balance of the purchase price of said corporate property," etc. It was further agreed "that the court shall enter judgment for the plaintiff if he shall find from the foregoing facts that the charge of $720.00 is not an usurious one," etc. In the judgment entered, the court declared that "the contract executed by defendant to plaintiff for the sum of $720.00 is not an usurious one, and that the plaintiff is entitled to recover of defendant the sum of $720.00" etc.
From the foregoing judgment the defendant appealed. The only exception is as follows: "To the action of the court in singing the judgment as set out in the record, and to the judgment."
In Wilson v. Charlotte, 206 N.C. 856, it was said: "The only assignment of error in the case at bar is the `signing on the judgment, . . . having duly excepted to the signing of said judgment.' If said assignment merely refers to the act of signing the judgment, it presents no question of law for review. But, upon the other hand, if it be treated `as an exception to the judgment, it presents the single question whether the facts found or admitted are sufficient to support the judgment.'"
So, in the present case there is no exception to the finding of fact that the claim was not usurious, and consequently the judgment must be affirmed.
Affirmed.