ESSIE PAPPAS v. LOUIS PAPPAS

and

MRS. ESSIE ELKIN AND DAVILLUS PAPPUS, BY HIS NEXT FRIEND, MRS. ESSIE ELKIN, v. LOUIS PAPPAS.

(Filed 1 May, 1935.)

**1. Parent and Child A c—**

Decree awarding custody of minor child to its mother, who had been divorced from its father and had married again, *held* correct upon the facts found by the court under the principle that the welfare of the child is the paramount consideration in determining its custody.

**2. Parent and Child A b—**

The duty of a father to provide for the support of his minor child is not absolute, and on the facts of the instant case, the order relieving the father of this duty while his child is in the custody of its mother *is held* within the discretion of the trial court and not subject to review.

APPEALS by both plaintiffs and defendant from *Harding, J.,* at February Special Term, 1935, of MECKLENBURG. Affirmed in both appeals.

The above-entitled actions, each involving the custody of Davillus Pappas, the minor son of Mrs. Essie Elkins and Louis Pappas, her former husband, and his support by the defendant Louis Pappas while in the custody of his mother, pursuant to an order of the Superior Court of Mecklenburg County, were consolidated, by consent, for trial.

On the facts found by him, Judge Harding remanded the said Davillus Pappas to the custody of his mother, Mrs. Essie Elkin, and refused to allow her motion that his father, the defendant Louis Pappas, be required to provide for his support while he was in her custody.

Both the plaintiffs and the defendant appealed from the order of Judge Harding to the Supreme Court.

*G. T. Carswell and Joe W. Ervin for plaintiffs.*
*H. L. Taylor for defendant.*

PER CURIAM. On the facts found by him, to which neither of the parties excepted, there was no error in the order of Judge Harding in this case. The order is affirmed.

In *Tyner v. Tyner,* 206 N. C., 776, 175 S. E., 144, it is said: "In determining the custody of children, their welfare is the paramount consideration. Even parental love must yield to the claims of another if, after due judicial investigation, it is found that the best interest of the children is subserved thereby." This well-settled principle is applicable to the facts of the instant case.

The duty, both moral and legal, of a father to provide for the support of his minor child is not absolute. On the facts of the instant case, the order relieving the father of this duty, while his child is in the custody of his mother, was within the discretion of the judge, and for that reason not subject to review by this Court.

Affirmed.