RAYMOND F. HARDEE v. VIOLET GRACE MITCHELL.

(Filed 2 March, 1949.)

**1. Divorce § 17—**

Decree for absolute divorce which awarded the custody of the child of the marriage was entered in another state and the parties thereafter moved to this State. *Held:* The proper procedure for either party to determine the right to the custody of the child is by a special proceeding under G.S. 50-13.

**2. Appeal and Error § 40a—**

A single exception "to the signing of the judgment" presents the sole question whether the facts found or admitted support the judgment.

**3. Divorce § 19—**

Findings that the parties had been married and divorced, that the wife was a person of good character, resident in this State, that the husband is financially responsible, and that the best interest of the minor child of the marriage would be promoted by awarding its custody to the wife, is sufficient to sustain decree awarding its custody to her and requiring him to make contributions for the support of the child.

**4. Same—**

The welfare of the child at the time of the contest is controlling in determining the right to the custody of the child as between its divorced parents.

**5. Same—**

A decree awarding custody of the child of the marriage as between its divorced parents is determinative of the present rights of the parties, but is not permanent and may be later modified by the court upon change of conditions.

APPEAL by petitioner from *Bone, J.,* at October Term, 1948, of NASH.

The petitioner, Raymond F. Hardee, and the respondent, Violet Grace Mitchell, *nee* Violet Grace Myrick, intermarried in North Carolina 25 December, 1941, and established a matrimonial domicile in Florida, where their son, Kenneth Ray Hardee, was born 10 January, 1944. Their marriage was terminated by a decree of absolute divorce rendered in the Circuit Court of Seminole County, Florida, 5 April, 1946, which awarded "the permanent care, custody, and control" of Kenneth Ray Hardee to respondent and required petitioner to contribute $50.00 monthly to respondent for the support and education of Kenneth Ray Hardee until "he arrives at the age of 21 years, or until the further order of this court." Both petitioner and respondent subsequently contracted second marriages with other spouses and located in North Carolina, the former settling in Nash County and the latter in Halifax County, where she now resides

with her present husband, Joseph P. Mitchell, and the child, Kenneth Ray Hardee.

On 10 April, 1947, the petitioner commenced this special proceeding against the respondent in the Superior Court of Nash County to determine the custody of the minor, Kenneth Ray Hardee. In his petition, he prayed in the alternative either that he be granted the custody of the child, or that he be released from the requirement of the Florida decree that he contribute as much as $50.00 monthly to the child's support and education. The respondent answered, alleging that the child's best interest demanded his continuance in her custody and asking that the petitioner be compelled to pay $50.00 per month to her for the child's maintenance. Judge Bone heard the evidence offered by petitioner and respondent in support of their respective claims without request from either of them for any specific findings. In actuality, the parties merely disagreed as to the inferences deducible from the salient facts, which were admitted in the pleadings on both sides and which disclosed the matters heretofore set forth, the good character of the respondent, and the financial ability of the petitioner to pay $50.00 monthly towards the support of his small son. Upon a "consideration of the whole matter," Judge Bone found that "the provisions set out below will promote the welfare of said child" and entered judgment providing "that the custody of the child, Kenneth Ray Hardee, be and remain in the respondent, subject to the provisions hereinafter set forth; that the petitioner shall pay to the respondent for the support of said child the sum of $50.00 per month, said payments to be made on the 5th day of each and every month, until further order of the court; that during the entire month of July of each year the petitioner shall be permitted to take and keep with him the said child, Kenneth Ray Hardee, and further, during each calendar month in the year, except July, petitioner shall be permitted to have and keep with him the said child for one week-end to be selected by the petitioner, which said week-end shall commence at 9 o'clock A. M. on Saturday and end at 6 o'clock P. M. on Sunday."

The petitioner noted a solitary exception "to the signing of the judgment" and appealed therefrom to this Court.

*S. L. Arrington for petitioner, appellant.*
*Banzet & Banzet for respondent, appellee.*

ERVIN, J. The parties to this proceeding were divorced in Florida. Hence, the petitioner has been well advised in point of procedure because the pertinent statute expressly prescribes that the custody of the child "of parents who have been divorced outside of North Carolina may be determined in a special proceeding instituted by either of the parents in

the superior court of the county wherein the petitioner, or the respondent, or the child" resides at the commencement of the proceeding. G.S. 50-13; *Phipps v. Vannoy,* 229 N.C. 629, 50 S.E. 2d 906.

Petitioner did not request the court to find the facts or except to the finding made by it. He merely took a single exception "to the signing of the judgment." This exception presents to this Court the sole question whether the facts found or admitted support the judgment. *Smith v. Davis,* 228 N.C. 172, 45 S.E. 2d 51; *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22; *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228; *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20; *Hughes v. Oliver,* 228 N.C. 680, 47 S.E. 2d 6; *Lea v. Bridgeman,* 228 N.C. 565, 46 S.E. 2d 555; *Ingram v. Mortgage Co.,* 208 N.C. 329, 180 S.E. 594; *Warren v. Bottling Co.,* 207 N.C. 313, 176 S.E. 571; *Wilson v. Charlotte,* 206 N.C. 856, 175 S.E. 306; *Ullery v. Guthrie,* 148 N.C. 417, 62 S.E. 552.

The admitted facts relating to the marriage, parenthood, and divorce of the parties, the character and residence of the respondent, the tender age of the child, Kenneth Ray Hardee, and the financial ability of the petitioner, and the finding of the judge that the judicial award of custody actually made "will promote the welfare of said child" are sufficient to sustain the judgment. *Price v. Price,* 188 N.C. 640, 125 S.E. 264. This requires an affirmance.

Nevertheless, we have reviewed all of the testimony and have reached the deliberate conclusion that the judgment was entered with due regard for the fundamental principle that in a contest between parents over the custody of a child the welfare of the child at the time the contest comes on for hearing is the controlling consideration. *Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617; *Pappas v. Pappas,* 208 N.C. 220, 179 S.E. 661; *Tyner v. Tyner,* 206 N.C. 776, 175 S.E. 144; *Clegg v. Clegg,* 186 N.C. 28, 118 S.E. 824.

It may be well to observe, in closing, that the law is realistic and takes cognizance of the ever changing conditions of fortune and society. While a decree making a judicial award of the custody of a child determines the present rights of the parties to the contest, it is not permanent in its nature, and may be modified by the court in the future as subsequent events and the welfare of the child may require. *In re Means,* 176 N.C. 307, 97 S.E. 39.

For the reasons set out above, the judgment is

Affirmed.