MARY GAFFORD v. WILLIAM HERBERT PHELPS.

(Filed 5 March, 1952.)

**1. Divorce and Alimony § 21: Constitutional Law § 28—**

Where a resident of this State appears in his wife's action for divorce instituted in the state of her domicile, the decree of divorce is binding on our courts under the full faith and credit clause, but provision of the decree awarding custody of their child who was domiciled here and not present in that state at the time the decree was entered, is not binding on our courts, since the foreign court had no jurisdiction of the child. Art. IV, sec. 1, Constitution of the United States.

**2. Divorce and Alimony § 19—**

Agreement of the parties to a divorce action in regard to the maintenance and custody of a child of the marriage is not binding upon the courts.

**3. Same—**

The welfare of the child is the paramount consideration which must guide the court in making an award of custody.

**4. Same—**

Where the trial court finds that both the mother and the father are suitable persons to have the custody of their child, but further finds that the child had not been happy when in the custody of her nonresident mother and looked with dread upon returning to her mother's home, that the child was sensitive and that it was to the child's best interest to live in the home of her father, the court properly awards the custody of the child to the father in furtherance of the welfare of the child.

**5. Appeal and Error § 40d—**

Where the court's findings of fact are supported by evidence, exceptions to the findings cannot be sustained.

**6. Divorce and Alimony § 19—**

Where the court upon proper findings awards the custody of a child to its resident father as being in the best interests of the child, a provision in the order permitting the child's nonresident mother to have custody of the child in her home for a part of each year must be stricken, since the court should not permit the child to be removed from the State by a person to whom unqualified custody has not been awarded. The court may, in its discretion, make provision that the nonresident mother might visit the child in this State under such conditions and circumstances as the court may deem proper.

APPEAL by petitioner and respondent from *Bone, J.,* at Chambers in Nashville, North Carolina, 10 November, 1951. From WASHINGTON.

This is a proceeding instituted under the provisions of G.S. 50-13, to obtain custody of a child pursuant to the provisions contained in a divorce decree previously entered in the State of Alabama. In the hearing below, the court found the following facts:

"Petitioner and respondent were married to each other in Washington County, North Carolina, on September 20, 1941. Their child, Linda Dianne Phelps, was born in said county and state on April 14, 1943 and the three of them continued to reside there until the fall of 1944 when they went to Alabama, petitioner's native state, and there lived until respondent entered the military service in April 1945 after which petitioner and the child went to live with respondent's mother in Plymouth, N. C. Respondent was discharged from military service in November 1946 and thereafter lived with petitioner and the child in Plymouth, N. C. until September 1947, at which time petitioner and respondent separated and petitioner, after remaining in Plymouth for a short time, went to her native State of Alabama, leaving the child with respondent in Plymouth, N. C., where said child continued to live until May 1950.

"On June 18, 1948 petitioner and respondent entered into a written agreement in Mobile County, Alabama, under the terms of which respondent was to have custody of the child during the school time of each year and petitioner was to have custody of her during non-school time, subject to the provision that if petitioner subsequently remarried she should have the right each year thereafter to elect whether she would take custody during the school time or non-school time. On June 19, 1948 petitioner filed a complaint in the Circuit Court of Mobile County, Alabama, attaching thereto the aforesaid custody agreement, and therein prayed for an absolute divorce from respondent and for custody of the child in accordance with the said agreement. On the same date, respondent, being present in the State of Alabama, filed in the said court a written answer and waiver and thereby voluntarily submitted himself to the jurisdiction of the said court.

"On June 25, 1948 said court rendered a decree of absolute divorce and awarded custody of the child in accordance with the aforesaid agreement of the parties. The child, Linda Dianne Phelps, was not present in the State of Alabama at the time of the rendition of the aforesaid decree nor at any other time for about 3 years prior thereto . . .

"On or about October 31, 1948 petitioner married Ralphton Gafford and now lives with him in Chickasaw, Alabama. There are no children of this marriage. Subsequent to the aforesaid decree of divorce respondent married Gwendolyn Ward and now lives with her in Plymouth, N. C. One child has been born to this marriage and now lives with respondent and his present wife.

"In May 1950 petitioner for the first time since her separation from respondent took the child, Linda Dianne Phelps, to live with her and her present husband in Alabama where said child continued to live until about June 19, 1951 when respondent took her back with him to Plymouth, N. C. where she has since remained. On or about September 3, 1951 petitioner, having elected to take custody of the child for the school year, came to Plymouth and sought to take said child back home with her but was prevented by respondent from doing so.

"Respondent is a man of good character, is gainfully employed and is held in high esteem by the people of his community. His present wife is a woman of education and refinement and bears an excellent reputation. They maintain a good home in which there is a religious atmosphere and are caring for Linda Dianne Phelps in a proper manner. There is mutual love and affection between them and said child is happily situated. She is attending a good school and is being reared in a wholesome environment.

"Petitioner is a woman of good character and has a good husband. While the affidavits do not particularize on this point it does appear with-

out contradiction that they maintain a good home in the State of Alabama and are in a position to give the child proper educational and material advantages but she has not been happy with them and looks with dread upon the prospect of returning to their home. The court is of the opinion that this attitude of the child has not been produced by any prejudicial teaching on the part of the respondent and his wife. It appears that she is a child of a sensitive nature and is not compatible with petitioner and her present husband while there is great compatibility between the said child and respondent and his present wife who, it appears, is especially qualified by nature and training to understand and administer to her peculiar spiritual and emotional needs. The child has spent the greater part of her life in Plymouth and is no doubt more familiar with the people and surroundings there than she is with those obtaining at the place of petitioner's residence.

"While the court does not find that petitioner is unfit to have custody of the said child, it finds that respondent is a fit and suitable person to have her custody and after careful consideration has reached the conclusion and finds that the welfare of said child would be promoted by awarding custody of her to respondent with reasonable provision for her visitation with petitioner."

Upon the foregoing findings of fact, the court awarded the custody of the child, Linda Dianne Phelps, to the respondent, William Herbert Phelps, but directed that the petitioner, Mary Gafford, was to be allowed to take said child to her home in Alabama and keep her from June 15th to August 15th of each year commencing with June 15, 1952. The judgment further provided that since the provision for visitation involved taking the child out of the jurisdiction of the courts of this State, the petitioner, before she is to be allowed to exercise the aforesaid privilege of visitation shall execute and file with the Clerk of the Superior Court of Washington County a bond in the sum of $500 with sufficient surety to be approved by said Clerk, conditioned upon the return of said child in accordance with the terms of the judgment.

The petitioner and respondent appealed to the Supreme Court, assigning error.

*W. L. Whitley for petitioner.*
*Bailey & Bailey for respondent.*

DENNY, J. We shall first consider and dispose of the petitioner's appeal.

The petitioner insists that she is entitled to the custody of her child pursuant to the provisions of the decree heretofore entered in her action for divorce in the State of Alabama. Therefore, the question for determi-

nation is simply this: Is a decree entered in a court of competent juris-diction, in a sister state, awarding the custody of a child, domiciled in this State, valid and enforceable under the full faith and credit clause of the Constitution of the United States, Art. IV, sec. 1, where custody was awarded in accordance with a written agreement duly executed by the parents of the child and filed with the court?

Linda Dianne Phelps was not domiciled in the State of Alabama at the time the bonds of matrimony were dissolved between her parents in the Circuit Court of Mobile County, Alabama, on 25 June, 1948. Therefore, the decree awarding her custody is not enforceable under the full faith and credit clause of our Federal Constitution. 27 C.J.S., Divorce, section 333 (c), page 1299; *State ex rel. Rasco v. Rasco* (Fla.), 190 So. 510; *Elliott v. Elliott,* 181 Ga. 545, 182 S.E. 845; *Callahan v. Callahan,* 296 Ky., 444, 177 S.W. 2d 565; *Wilson v. Wilson,* 136 Va. 643, 118 S.E. 270.

When a child is not within the jurisdiction of the court, such court is without power to make an order awarding the child's custody. *Burrowes v. Burrowes,* 210 N.C. 788, 188 S.E. 648; *Coble v. Coble,* 229 N.C. 81, 47 S.E. 2d 798; *Sadler v. Sadler,* 234 N.C. 49, 65 S.E. 2d 345. See Anno. 4 A.L.R. 2d 25. Moreover, a contract between divorced parents as to the custody and maintenance of their children, is not binding on the courts. 17 Am. Jur., Divorce and Separation, sec. 682, page 516; 27 C.J.S., Divorce, section 311, page 1177; *In re Albertson,* 205 N.C. 742, 172 S.E. 411; *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136; *S. v. Duncan,* 222 N.C. 11, 21 S.E. 2d 822; *Fortson v. Fortson,* 195 Ga. 750, 25 S.E. 2d 518.

The welfare of the child should be the paramount consideration which guides the court in making an award of custody. *In re Alderman,* 157 N.C. 507, 73 S.E. 126; *Clegg v. Clegg,* 186 N.C. 28, 118 S.E. 824; *Tyner v. Tyner,* 206 N.C. 776, 175 S.E. 144; *Pappas v. Pappas,* 208 N.C. 220, 179 S.E. 661; *Story v. Story, supra; Ridenhour v. Ridenhour,* 225 N.C. 508, 35 S.E. 2d 617; *Brake v. Brake,* 228 N.C. 609, 46 S.E. 2d 643; *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884.

Furthermore, if the child in controversy had been domiciled with her father in Alabama at the time the decree, referred to herein, was entered in that State, and she and her father had become domiciled in Washington County, North Carolina, the Superior Court of that county would have jurisdiction to hear and determine questions as to her custody and wel-fare when properly presented. G.S. 50-13; *In re Alderman, supra; In re Biggers,* 228 N.C. 743, 47 S.E. 2d 32; *Phipps v. Vannoy,* 229 N.C. 629, 50 S.E. 2d 906; *Boone v. Boone,* 132 F. 2d 14, *Cert.* denied, 319 U.S. 762, 63 S. Ct. 1319, 87 L. Ed. 1713; *Boone v. Boone,* 150 F. 2d 153, 80 U.S. App. (D.C.) 152.

The petitioner contends that the Alabama judgment cannot be valid in so far as it dissolves the bonds of matrimony, and at the same time invalid

and unenforceable in so far as it purports to award custody of the minor child of the marriage. This contention is without merit.

In the case of *In re Biggers, supra,* decided on appeal from the Superior Court of Cabarrus County, this Court held that where the husband instituted a divorce action in the State of Florida, and the wife entered an appearance and filed an answer, the parties were bound by the decree in so far as it dissolved the marriage; and that such decree was valid in this State under the full faith and credit clause of the Constitution of the United States. However, *Devin, J.* (now *Chief Justice*), in speaking for the Court, said: "But it does not necessarily follow as a corollary therefrom that the decree of the Florida court awarding the custody of the children . . . is binding upon the courts of North Carolina. That decree, in so far as it operates upon the children, has no extra-territorial effect. *In re Alderman,* 157 N.C. 507, 75 S.E. 126, 39 L.R.A. N.S. 988. So that, if these children were at the time of the decree, or have since become and were at the time of the hearing below, residents of North Carolina and within the jurisdiction of the court in which relief on their behalf was sought, the Superior Court of Cabarrus County was not without authority or power to hear and determine questions as to their custody and welfare when properly raised."

The petitioner excepts to certain findings of fact by the court below. However, an examination of the record discloses that such findings are supported by competent evidence. Hence, these exceptions are overruled.

The judgment of the court below, in so far as it awards the custody of the child, Linda Dianne Phelps, to the respondent, William Herbert Phelps, will be upheld.

## RESPONDENT'S APPEAL.

The court below, after awarding custody to the respondent, imposed a condition which permits the petitioner to take the child to her home in Alabama and keep her from 15 June to 15 August of each year commencing with June, 1952, and imposed upon the respondent liability for all reasonable expenses involved in returning the child to North Carolina, including the petitioner's expenses both ways. In lieu of paying such expenses, the respondent may, at his option and upon notice to the petitioner, go to petitioner's home and bring the child back with him. The respondent excepts to the above provisions of the order. The exception is well taken and will be sustained. *In re DeFord,* 226 N.C. 189, 37 S.E. 2d 516.

In the case of *Harris v. Harris,* 115 N.C. 587, 20 S.E. 187, this Court said: "It does not appear that the mother . . . is in anywise more suitable than the father. The father is domiciled in this State; the mother is a nonresident. Under these circumstances, unless more shall appear,

the custody should remain with the father. The Court certainly would not, upon these facts, award the custody to a person out of the State. To award the custody alternatively to the father and the nonresident mother would be to place the child out of the jurisdiction of the Court, so that it would be impossible to enforce so much of the decree as directs the return of the child to the father after the specified time. The bond might possibly secure the payment of damages, but not the return of the child. The Court, under special circumstances, may allow an infant ward to go out of its jurisdiction, but it will not abdicate its functions, and upon the state of facts here appearing take the child from a father of good character, who is taking every proper care of it, and place it out of the reach of its process and beyond its control."

The respondent was found by the court below to be a fit and suitable person to have the custody of the child. On the other hand, while the court found that the petitioner is a good woman, and has a good husband; that they maintain a good home in Alabama and are in a position to give the child proper educational and material advantages, it also found that the child "has not been happy with them and looks with dread upon the prospect of returning to their home . . . It appears that she is a child of sensitive nature and is not compatible with petitioner and her present husband while there is great compatibility between the said child and respondent and his present wife who, it appears, is especially qualified by nature and training to understand and administer to her peculiar spiritual and emotional needs."

It is clear that the unusual conditions and circumstances which prompted the court to find that it was for the best interest of the child or children to be awarded to a nonresident, in the case of *In re Means,* 176 N.C. 307, 97 S.E. 39, and *Clegg v. Clegg,* 187 N.C. 730, 122 S.E. 756, are not present in this proceeding. "In a proceeding of this nature, in the absence of unusual circumstances, the court should not enter an order which permits an infant to be removed from the State by one to whom unqualified custody has not been awarded. *Harris v. Harris,* 115 N.C. 587; *In re Turner,* 151 N.C. 474, 66 S.E. 431; *Page v. Page,* 166 N.C. 90, 81 S.E. 1060; *Page v. Page,* 167 N.C. 350, 83 S.E. 627; *Walker v. Walker,* 224 N.C. 751." *In re DeFord, supra.*

So much of the judgment below as permits the petitioner to take the child out of the State, must be stricken. In lieu thereof, the court, in its discretion, may make provision for the petitioner to visit her child in this State under such conditions and circumstances as the court may deem proper. *In re DeFord, supra.*

Modified and affirmed.