IN THE MATTER OF: THE CUSTODY OF ROBERT REGINALD ROSE, ELVIN HENRY ROSE AND ALEXANDER ROSE

No. 7019SC417

(Filed 16 September 1970)

1. Habeas Corpus § 3— order awarding custody of children — sufficiency of evidence

   In a *habeas corpus* proceeding instituted by the mother to determine the custody of the children, there was plenary evidence to support the court's findings and conclusion that the mother was a fit and proper person to have custody of the children and that it would be in their best interest to have custody vested in her.

2. Habeas Corpus § 3— order awarding "permanent" custody of children

   A father could not complain of an order which awarded "permanent" custody of the children to the mother, since court decrees in child custody and support matters are not permanent in character but may be modified by the court in the future if subsequent events and the welfare of the children so require. G.S. 50-13.7(a).

**3. Appeal and Error § 45— the brief — abandonment of exceptions**

Exceptions and assignments of error not brought forward and argued in appellant's brief are deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

APPEAL by Alfred Reginald Rose from *Kivett, J.,* 10 April 1970 Session of RANDOLPH County Superior Court.

This appeal is from an order awarding custody of three infant children to their mother, Olivia Ulloa Rose. The children are: Robert Reginald Rose, born 29 June 1964; Elvin Henry Rose, born 23 November 1966; and Alexander Rose, born 2 January 1968. The order was entered after a lengthy hearing on consolidated applications for writs of *habeas corpus,* one filed by the mother on 18 June 1969, and the other filed on 21 November 1969 by the children's father, Alfred Reginald Rose.

The court's order, entered 10 April 1970, makes extensive findings of fact and orders that Olivia Ulloa Rose be awarded the "permanent care, custody and tuition" of the children, subject to certain recited restrictions and conditions. It further orders that the father shall have the right to have the children visit with him from 10 July to 22 August each summer and every other weekend from Friday at 7:00 p.m. until Sunday a.m. The father appealed.

*Walker, Bell & Ogburn by John N. Ogburn, Jr., for appellant.*

*Hugh R. Anderson and William W. Ivey, for defendant appellee.*

GRAHAM, J.

[1] Through his first assignment of error appellant contends that the court abused its discretion in granting custody of the children to the mother. This assignment of error is overruled. There is plenary evidence to support the court's findings which support its conclusion that the mother is a fit and proper person to have custody of the children and that it would in their best interest that custody be vested in her.

Much of the evidence presented at the hearing indicates that the father's conduct with respect to the children was anything but exemplary. On 3 April 1969 the father and a cousin, a professional bail bondsman from Asheboro, took the children from their home in California and brought them to North Caro-

lina without the mother's knowledge and consent. At that time
the mother and father were living together and the mother
was supporting the children and partially supporting the father
who was recovering from a back operation. At no time was the
mother notified of the whereabouts of the children or of their
health and well-being. When she came to Asheboro in June of
1969 in search of the children, the same cousin who assisted in
bringing the children to North Carolina had her arrested for
trespassing. The record does not show that she was prosecuted.
The mother was frustrated in her attempt to have her applica-
tion for *habeas corpus* served, although the father was living
and working in Randolph County. An inference arises from the
evidence that the father and his bondsman cousin knew that the
sheriff had papers which he was attempting to serve on the
father. Despite her exhaustive efforts, the mother was unable
to see her children from 3 April 1969 until the matter came on
for hearing over a year later—and then only for a short period
in the office of the father's attorney, with the father, the bonds-
man cousin, and another cousin of the father standing just out-
side the door. The children, who had been devoted to their mother
before they were taken from her custody, kicked her when they
saw her for the first time in over a year and told her to "[g]et
out of here. We don't want you." This was in the presence of
the father who stood idly by and did not remonstrate with the
children concerning their conduct toward the mother. The father
denied that he had done anything to alienate the children toward
their mother during the year they had been under his exclusive
care. The record strongly suggests the contrary. Fortunately,
after only a few brief moments with their mother, the hostility
of the children toward her disappeared. The evidence would have
supported a finding that the father violated a California court
order in removing the children from that State.

[2]  Appellant's second assignment of error is based on an ex-
ception to the language of the order which provides that the
mother shall have the "permanent" care, custody and tuition of
the children. His argument is that the court exceeded its juris-
diction by awarding "permanent" custody. It is elementary that
court decrees in child custody and support matters are not per-
manent in character and may be modified by the court in the
future if subsequent events and the welfare of the child require.
G.S. 50-13.7 (a) ; *Shepherd v. Shepherd,* 273 N.C. 71, 159 S.E. 2d
357; *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884; *In re
Bowen,* 7 N.C. App. 236, 172 S.E. 2d 62. The appellee concedes

the rule. The order itself does not contemplate that the question of custody is being irrevocably determined. The fact that the word "permanent" is used in the order in no way changes its legal effect. This assignment of error is also overruled.

[3]   Other exceptions and assignments of error appear in the record. However, they are not brought forward and argued in appellant's brief and are therefore deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

Affirmed.

BROCK and MORRIS, JJ., concur.