## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Phyllis Dawn Proctor

December 14, 1972

By JUDGE ROBERT C. GOAD

This prosecution for bigamy was heard by the Court without a jury on December 12, 1972.

The Commonwealth presented all of the evidence in the case, and the defendant rested without presenting any evidence, leaving the issue before the Court to be whether or not the Commonwealth proved all of the elements of bigamy beyond a reasonable doubt.

There is a strong probability and suspicion that the defendant is guilty, but the Court is of the opinion that the evidence falls short of proving the guilt of the accused beyond a reasonable doubt. Under the law, suspicion or probability of guilt, however strong, will not authorize a conviction.

Commonwealth's Exhibit 1, the proof of the marriage of the defendant on May 12, 1972, in Amherst County, Virginia, is clearly admissible under Section 20-20 of the Code. Commonwealth's Exhibit 2, offered as proof of the prior marriage of the defendant on March 13, 1969, in North Carolina, is admissible, if at all, under Section 8-372 of the Code. However, I doubt that Exhibit 2 is admissible because I do not believe that all of the requirements of Section 8-372 have been complied with, namely, (a) it is not a duly attested copy of the North Carolina records, but only an extract from those records, and (b) it is not signed by the Register of Deeds but only by an assistant, who could be only a secretarial assistant and not the Deputy Register of Deeds.

The Commonwealth's case must fail whether or not Exhibit 2 is admissible. If it is not admissible, there is no proof of the first marriage. If it is admissible, there is no positive proof as to the identity of Phyllis Geouge, the female listed in Exhibit 2 as married to J. D. Proctor, and more importantly, there is no proof concerning the marital status of the defendant on May 12, 1972, the date of her alleged bigamous marriage in Amherst County, other than the statement in Exhibit 1 that she was "widowed."

It is clear to the Court that the testimony of J. D. Proctor cannot be considered in any manner against the defendant under Section 8-288 of the Code, which prohibits a husband from being *called* as a witness against his wife, without her consent, except in the case of a prosecution for an offense committed by one against the other, and bigamy is not this type of an offense. *Meade v. Commonwealth*, 186 Va. 775 (1947); 10 Am. Jur. 2d, 1008-1010, *Bigamy*, Section 61. If a jury had been trying the case, the questions asked Mr. Proctor about his relationship to the defendant, dealing only with his competency as a witness, would have been asked out of the presence of the jury, and his answer would not have been considered as evidence against the defendant. In this case, when these questions were asked, the Court understood that Mr. Proctor was still the legal husband of the defendant, and accordingly, he was not allowed to testify against her. However, later in the trial, one of the attorneys for the prosecution stated that Mr. Proctor and the defendant had been granted a final divorce decree in November, 1972, in this Court, but the decree was not introduced in evidence. In this criminal case, this Court cannot take judicial notice of such divorce decree. *Wilson v. Wilson*, 136 Va. 643 (1923); *Fleming v. Anderson*, 187 Va. 788 (1948); 29 Am. Jur. 2d 90-92, *Evidence*, Section 58. If the divorce decree had been introduced in evidence, proving that Mr. Proctor was no longer the husband of the defendant, he would have then been fully competent as a witness against her, excepting privileged communications as prohibited in Section 8-289 of the Code. The attorneys for the prosecution never raised the point that Mr. Proctor was a competent witness against the defendant because he was no longer her husband, but instead,

the Commonwealth's Attorney urged that he was competent because bigamy was an offense of wife against husband (in this case) within the exception set forth in Section 8-288, which the Court rejected.

For the reasons stated, the Court finds the defendant not guilty.