GLADYS DUKE, BY HER NEXT FRIEND, ED WOODY, v. JOSEPH B. JOHNSTON.

(Filed 27 January, 1937.)

**1. Guardian and Ward § 3—Clerk is without authority to appoint guardian for minor having estate and residence in another county.**

A minor residing with her mother and having an inherited fund deposited in a bank in the city of her residence, was committed to an orphanage by the clerk of the court of that county. Upon her discharge from the orphanage after a number of years, she was returned to her mother, who still resided in the city and county in which the commitment was made. The orphanage was located in another county, and the superintendent of the orphanage had himself appointed guardian by the clerk of that county, received the funds belonging from the minor from the bank, and disbursed same in defraying the expenses of the minor for maintenance in the orphanage. *Held:* The appointment of the guardian by the clerk of the county in which the orphanage was located was void, N. C. Code, 2150, since it appeared that the minor was a resident of another county and that her estate was located in such other county, and in a suit by the minor by her next friend, the minor is entitled to recover from the superintendent the funds of her estate disbursed by him.

**2. Infants § 1—**

An unemancipated infant, being *non sui juris*, cannot of his own volition select, acquire, or change his domicile.

APPEAL by defendant from *Frizzelle, J.,* at January Civil Term, 1936, of DURHAM. Order signed 8 May, 1936. Affirmed.

The judgment of the court below is as follows:

"This cause coming on to be heard and being heard before his Honor, J. Paul Frizzelle, Judge presiding, and holding court in the Tenth Judicial District. The plaintiff and defendant waived a trial by a jury and agreed that the court should hear the evidence, find the facts, conclusions of law, and render judgment.

"The following facts were admitted by both the plaintiff and the defendant:

"1. It was admitted that the plaintiff Gladys Duke was, on 26 May, 1922, accepted at the Barium Springs Orphanage at the age of 7 years, having been committed to said orphanage by an order of the juvenile court of Durham County, North Carolina, dated 20 May, 1922, a true copy of which was admitted in evidence, and remained at said orphanage until she was discharged at the age of 16 years, and returned to the home of her mother about 4 June, 1931, in Durham, North Carolina.

"2. It is admitted that the defendant J. B. Johnston, on his own motion, was appointed and qualified as guardian of the plaintiff Gladys Duke, before the clerk of the Superior Court of Iredell County, on

13 July, 1927, and that the United States Fidelity and Guaranty Company executed a guardianship bond for the benefit of said ward in the sum of $3,000.

"3. It is admitted that the will of Victoria Duke is recorded in Durham County, in Book 3 of Wills, page 78, and that it was admitted to probate on 16 July, 1918, a true copy of the will having been admitted in evidence, and that by reason of said will there was deposited in the trust department of the Fidelity Bank, Durham, N. C., $2,705.60 for the plaintiff Gladys Duke, who was at that time a minor, about the age of three years, and that said money was in the trust department of the Fidelity Bank of Durham, N. C., at the time the said J. B. Johnston applied to the clerk of the Superior Court of Iredell County, and was appointed guardian by said clerk for the plaintiff Gladys Duke.

"4. It is admitted that the said J. B. Johnston received from the Fidelity Bank and disbursed the sum of $2,705.60, and that the reports filed by the said J. B. Johnston with the clerk of the Superior Court of Iredell County stating the amount received and disbursed are correct in form and amount.

"5. It is admitted that the money disbursed by the defendant J. B. Johnston was disbursed at the time and in the manner indicated in the several accounts of the guardian, none of which were pursuant to orders of the court duly obtained. No order, in fact, was obtained.

"6. The court further finds as a fact from the evidence that at the time the plaintiff Gladys Duke was committed to the orphanage by order of the juvenile court, that the mother of the plaintiff lived and continued to live in Durham County, and owned property in said county, and was employed, earning from $5.00 to $6.00 per week.

"7. That it is the custom and practice of the Barium Springs Orphanage to take children there without expense to the institution when they own property sufficient to defray their expenses, and to make charges against those who are able to bear their expenses; that Gladys Duke was admitted to the institution as a charity ward and remained there as such for five years before the defendant ascertained that she had a trust fund in the Fidelity Bank of Durham, N. C., in the approximate sum of $3,000, although a letter accompanying the commitment indicated that she had some money in said bank, and that during said period of five years no charges were made against said ward for her upkeep and maintenance.

"8. That at the time of the appointment of the said J. B. Johnston as guardian by the clerk of the Superior Court of Iredell County no notice was given the mother of the said Gladys Duke, and the said Gladys Duke did not know of the appointment for more than a year after the appointment was made.

"9. That the domicile and residence of the said Gladys Duke was at all times in Durham, North Carolina.

"10. That the said Gladys Duke remained at the Orphanage five years, without any charge for board or upkeep, before the said J. B. Johnston applied for the appointment of guardian and immediately upon the appointment received from the Fidelity Bank the sum of $1,550, and from time to time thereafter received the remainder of the *corpus* of the estate, and proceeded immediately to disburse the sum of $930.00 of the said amount, without an order of the court authorizing same to said orphanage for maintenance covering the period of five years prior to date of said appointment, and thereafter proceeded to disburse the funds from time to time without an order of the court until the entire fund was disbursed.

"11. That the said J. B. Johnston was superintendent of the said orphanage.

"12. That the reasonableness of the charge against said Gladys Duke, if valid, is not challenged.

"Upon the foregoing admitted facts and the facts found upon the evidence by the court, the court holds as a matter of law:

"1. That Gladys Duke was and remained domiciled and a resident of Durham County, and the *corpus* of her estate was situate in Durham County.

"2. That J. B. Johnston had no right or authority to disburse the funds without an order of the court directing said disbursements, it being admitted that no such authority was obtained from the court. Therefore, said disbursements were without authority and the defendant and his bondsmen are liable therefor.

"3. That Gladys Duke was a ward of the court, under the authority and supervision of the court; therefore, the said Gladys Duke is not liable to said orphanage for her support in the absence of appropriate orders of court having been obtained.

"4. It being admitted by the defendant that said orphanage did not make any charge for support and maintenance against the said Gladys Duke, the court holds that the said J. B. Johnston had no right to arbitrarily apply the estate of the said Gladys Duke for her support.

"It was agreed by counsel for the plaintiff and the defendant that judgment might be signed out of term and out of the district.

"It is therefore ordered, adjudged, and decreed that the plaintiff Gladys Duke recover of the defendant J. B. Johnston, guardian of Gladys Duke, the sum of $2,705.60, with interest on $1,550 from 20 July, 1927, and interest on $1,155.60 from 31 July, 1933, until paid.

"For the costs of this action, to be taxed by the clerk.

"This 8 May, 1936.　　　　　　　　　J. PAUL FRIZZELLE,
　　　　　　　　　　　　　　　　　　　*Judge Presiding.*"

The defendant excepted and assigned error to the court below, "signing the judgment set out in the record," and appealed to the Supreme Court.

*Bennett & McDonald and W. S. Lockhart for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

CLARKSON, J. The court below, from the facts admitted and found from the evidence, made the following conclusions of law: (1) That Gladys Duke was and remained domiciled and a resident of Durham County, N. C., and the *corpus* of the estate was situate in said county. (2) That defendant had no right or authority to disburse the funds in controversy without an order of the court. (3) That Gladys Duke was a ward of the court, under its authority and supervision, and was not liable to the orphanage for her support in the absence of appropriate orders. (4) The orphanage did not make any charge for the support and maintenance of Gladys Duke, and therefore the defendant had no right to apply her estate for her support. We think the findings were supported by the evidence.

The sole question determinative of this controversy is: Was the defendant Joseph B. Johnston's appointment in Iredell County, N. C., as guardian of Gladys Duke valid? We think not. Gladys Duke's mother lived in Durham County. The personal property of Gladys Duke was in Durham County. Gladys Duke was domiciled in Durham County when accepted at the Barium Springs Orphanage, at the age of 7 years. She was committed to said orphanage by the juvenile court of Durham County, N. C., on 20 May, 1922, and remained there until discharged at the age of 16, on 14 June, 1931, when she returned to the home of her mother in Durham, N. C. Defendant, on his own motion, was appointed and qualified as guardian of Gladys Duke in Iredell County, N. C., by the clerk, on 13 July, 1927, the county in which Barium Springs Orphanage is located.

N. C. Code, 1935 (Michie), sec. 2150, is as follows: "The clerks of the Superior Court within their respective counties have full power, from time to time, to take cognizance of all matters concerning orphans and their estates, and to appoint guardians in all cases of infants, idiots, lunatics, inebriates, and inmates of the Caswell Training School: Provided, that guardians may be appointed either by the clerk of the Superior Court in the county in which the infants, idiots, lunatics, or inebriates reside, or if the guardian be the next of kin of the infant or a person designated by him or her in writing filed with the clerk, by the clerk of the Superior Court in any county in which is located a substantial part of the estate belonging to such infants, idiots, lunatics, or inebriates." Under chapter 467, Public Laws 1935, the above from the word "provided" was added to the section.

In *Thayer v. Thayer,* 187 N. C., 573 (574), it is said: "A domicile of choice is a place which a person has chosen for himself, but an unemancipated infant, being *non sui juris,* cannot of his own volition select, acquire, or change his domicile." *In re Reynolds,* 206 N. C., 276 (291).

In the present case defendant acted in good faith, but without authority of law. It is well said that "hard cases are the quicksand of the law." We must follow the beaten path.

For the reasons given, the judgment of the court below is
Affirmed.