THOMAS J. HILL ET AL. v. GEORGE L. STANSBURY ET AL.

(Filed 24 May, 1944.)

**1. Judgments § 22h—**

Where there is a want of jurisdiction over the person, the cause, the process, or the subject matter, the whole proceeding is said to be *coram non judice* and is void *ab initio* and may be treated as a nullity anywhere, at any time, and for any purpose.

**2. Public Officers §§ 7a, 8—**

In an action by taxpayers against public officers, G. S., 128-10, to recover public funds unlawfully expended, the plaintiffs disclaiming in their complaint any right personally to participate in the recovery, after recovery, consent judgment dismissing appeals, and payment of the judgment, the resident judge, on petition of one of the original taxpayer plaintiffs, is without jurisdiction, G. S., 7-65, to order payments, out of the recovery, of such petitioner's expenses and counsel fees.

APPEAL by Guilford County and Commissioners of Guilford County from *Sink, J.,* at Chambers in Greensboro, 15 October, 1943. From GUILFORD.

The plaintiffs, citizens and taxpayers of Guilford County, brought this action, together with two others, reported in 221 N. C., 340, and 223 N. C., 193, under authority of G. S., 128-10 (formerly C. S., 3206) to recover of defendants, County Commissioners, for the benefit of Guilford County, on account of public funds unlawfully expended, etc., the plaintiffs disclaiming any right personally to participate in the recovery.

Judgment was finally awarded the plaintiffs, for and on behalf of the county, in the sum of $16,396.51. Both sides noted an appeal, which they later abandoned and entered consent judgment dismissing the appeals before the resident judge of the Twelfth Judicial District at chambers on 18 September, 1943. The amount of the judgment was thereupon paid to the clerk of the Superior Court of Guilford County.

Thereafter the plaintiff, Thomas J. Hill, filed petition before the resident judge of the district requesting that he be reimbursed for expenses and counsel fees. After notice to the county attorney and county commissioners, an order was made by the resident judge on 15 October, 1943, directing that the petitioner be paid out of the funds derived from the judgment in this case, the sum of $460.65, and that his attorneys be compensated out of said funds in the amount of $3,000.00.

By permission (similar to that granted in the case of *Moreland v. Wamboldt,* 208 N. C., 35, 179 S. E., 9), Guilford County and the Commissioners of Guilford County prosecute this appeal from the order, assigning errors.

*Brooks, McLendon & Holderness, York & Boyd, and Andrew Joyner, Jr., for plaintiffs, appellees.*

*Thomas C. Hoyle and Hines & Boren for defendants, appellants.*

STACY, C. J.   It is provided by G. S., 128-10 (formerly C. S., 3206), that the citizen and taxpayer who sues in an action like the present and recovers, "shall receive one-third part, up to the sum of five hundred dollars, of the amount recovered, to indemnify him for his services, but the amount received by the taxpayer and citizen as indemnity shall in no case exceed five hundred dollars."   In the instant case, however, the complaint alleges "the plaintiffs disclaim any right personally to participate in the proceeds of any recovery that may be had in the suit." Hence, no provision was made in the judgment entered in the cause for indemnifying the plaintiffs for their services.   Nor was any mention made of the matter in the consent judgment dismissing the appeals which was approved by the resident judge of the district on 18 September, 1943.

The petition filed by Thomas J. Hill before the resident judge at chambers for expenses and counsel fees bears verification 17 September, 1943, and is marked "Filed, this Oct. 15, 1943."   The question raised at the threshold of the hearing on the petition was the jurisdiction and authority of the resident judge to entertain the petition or to act upon it. We agree with the appellants that he had none.   G. S., 7-65 (formerly C. S., 1438) ; 14 Am. Jur., 362, *et seq.*   His jurisdiction over the matter, if at any time he had any, ended with the signing of the consent judgment dismissing the appeals.   21 C. J. S., 147; McIntosh on Procedure, sec. 518.

Where there is a want of jurisdiction either over the person, the cause, or the process, it is the same as if there were no court.   Proceedings so had are said to be *coram non judice,* and are void.   *Monroe v. Niven,* 221 N. C., 362, 20 S. E (2d), 311; *Greene v. Stadiem;* 197 N. C., 472, 149 S. E., 685; *S. v. Baxter,* 208 N. C., 90, 179 S. E., 450; *Grumon v. Raymond,* 1 Conn., 40, 6 Am. Dec., 200.   "Where there is no jurisdiction of the subject matter the whole proceeding is void *ab initio* and may be treated as a nullity anywhere, at any time, and for any purpose."   *High v. Pearce,* 220 N. C., 266, 17 S. E. (2d), 108.

It follows, therefore, that the order entered on the petition is without force or effect.   It may be disregarded.   McIntosh on Procedure, 460.

Error.