## Bradley v. Bradley.

October 12, 1948.

Rehearing denied December 10, 1948.

Robert B. Hardison and Guy C. Shearer for appellant.

L. Lyne Smith, Jr. for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In 1941, the appellee, Violet Bradley, obtained a divorce from her husband, Robert W. Bradley, in Nebraska. Mr. Bradley was ordered to pay $10 per week to the appellee for the support of their infant child. After Mr. Bradley moved to Kentucky he became delinquent in his payments for the child's support and Mrs. Bradley instituted this suit in Jefferson County to recover the sum of $1,086, alleged to be due under the Nebraska decree. As a basis for her suit the appellee filed a duly certified copy of the Nebraska decree which had never been modified or superseded, and also a certified statement of the clerk of the court wherein the divorce was granted showing the amount in arrears under the divorce decree. The appeal is from a judgment sustaining the appellee's motion to strike the answer of the appellant.

We believe the chancellor properly disposed of the case. As a general proposition decrees for alimony for the support and maintenance of a wife and for the support and maintenance of a child have the same characteristics with respect to the question of the full faith and credit to be given them in another state. See Annotations in 41 A. L. R. 1419, 90 A. L. R. 939, and 157

A. L. R. 170. See also Sistare v. Sistare, 30 S. Ct. 682, 218 U. S. 1, 54 L. Ed. 905, 28 L. R. A., N. S., 1068, 20 Ann. Cas. 1061. In Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340, it was held that divorce decrees directing future maintenance payments are final judgments and that accrued past due installments cannot be modified retrospectively.

In the case of Lape v. Miller, 203 Ky. 742, 263 S. W. 22, suit was brought in Kentucky to collect alimony installments in arrears under an Ohio judgment. The Sistare case was quoted with approval. However, the decision of the case turned upon questions raised in the pleadings as to whether accrued alimony installments in Ohio were subject to modification. We have noted that it was held in the Wassung case that past due installments cannot be modified in Nebraska.

It follows from what has been said that the chancellor properly disposed of the case.

Judgment affirmed.