EDITH S. CONWELL, PLAINTIFF-RESPONDENT, v. JOHN H. CONWELL, DEFENDANT-APPELLANT.

Argued November 14, 1949—Decided December 12, 1949.

Mr. *Saul J. Zucker* argued the cause for appellant (*Messrs. Kristeller & Zucker,* attorneys).

Mr. *Fred A. Lorentz* argued the cause for respondent (*Messrs. Lorentz & Stamler,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Superior Court, Chancery Division, in a "matrimonial action," as defined in *Rule* 3:82(b). The appeal was taken to the Appellate Division under *Rule* 4:2–2(c) but was certified by the court on its own motion under *Rule* 1:5–1(a).

Two questions are presented for our determination, first, can support of a minor child of parents divorced in another state be ordered by the courts of this state against a resident of this state when the child is neither an inhabitant of, nor physically within this state, and further, can a judgment for support arrearages based on a decree of a sister state under the same circumstances be ordered; second, was the Florida decree in so far as it purports to provide for the support of the child a final decree so as to be entitled to full faith and credit in New Jersey, under the Federal Constitution?

Plaintiff and defendant were married in New York in September, 1939. One child, a daughter, was born of the marriage. She is now ten years of age and is in the custody of and lives with her mother, who admittedly is a resident of Richmond, Va. Defendant is a resident of this state.

In May, 1946, plaintiff and defendant were divorced by a final decree of the State of Florida, an appearance having been entered by the defendant. That decree, by its terms, awarded the care, custody and control of the minor child to

the plaintiff with reasonable visitation rights being granted the defendant. That final decree awarded no alimony to the plaintiff but required that the defendant pay to her the sum of $80 per month for the support of the minor child. Since the entry of that decree the defendant has made only one support payment of $40.

The complaint asks relief on two counts (1) to compel the defendant to provide suitable support and maintenance for the child and (2) for judgment in the amount of the unpaid accrued arrearages under the Florida decree, amounting to $2,840, with interest and costs. Plaintiff gave notice of a motion for relief *pendente lite,* the disposition of which was held pending decision on this appeal, and defendant served notice of a cross-motion to dismiss the complaint upon the ground it failed to set forth a cause of action upon which relief could be granted. Defendant's motion was denied and this appeal is from the order entered thereon.

## I.

*R. S.* 9 :2–1 *et seq.,* an act concerning minors, was enacted as *P. L.* 1902, *c.* 92, and provides, *inter alia,* "After a divorce decreed in any other state or country, *if minor children of the marriage are inhabitants of this state,* the court of chancery, on the petition of either parent, or of a next friend in behalf of the children, such notice being given to parents as the court shall direct, may make such decree concerning their care, custody, education and maintenance as if the divorce had been obtained in this state  *  *  *." An amendment, containing matters which do not presently concern us was passed in 1936. *P. L.* 1936, *c.* 247.

It cannot be questioned but that to predicate an action on this statute the child's residence in this state is a jurisdictional prerequisite. *Goodman v. Goodman,* 15 *N. J. Misc.* 716 *(Ch.* 1937). See *Hachez v. Hachez,* 124 *N. J. Eq.* 442 *(E. & A.* 1938) ; *Brown v. Parsons,* 136 *N. J. Eq.* 493 *(E. & A.* 1945) ; *In re Smith,* 4 *N. J. Super.* 400 *(App. Div. Super. Ct.* 1949).

Appellant relies strongly on *Harrington v. Harrington,* 141 *N. J. Eq.* 456 (*Ch.* 1948); modified, 142 *N. J. Eq.* 684 (*E. & A.* 1948). The bill of complaint in that case sought specific performance of an agreement to support a wife and child, the agreement having been made in another state where the wife and child resided. The court properly held that while the Court of Chancery had power to vary the support of a minor child of parents divorced in another state, the child must under the express language of the statute, *R. S.* 9:2-1, be an inhabitant of this state to give the court jurisdiction. The court further held *R. S.* 2:50-37 not applicable because the parties had expressly agreed that the contract be governed by the laws of the state of their domicile at the time of its execution. The clear implication of that opinion is that but for that admonition *R. S.* 2:50-37 would have applied. The former Court of Errors and Appeals, in modifying the appeal below, stated the provisions of the decree for specific performance of the agreement for maintenance and support of the infant complainant was directly contrary to established law (citing cases) and *R. S.* 2:50-37. This is persuasive that the court considered this latter statute applicable.

*R. S.* 2:50-37 was enacted as section 25 of the Divorce Act, *P. L.* 1907, *c.* 216. It was amended by *P. L.* 1933, *c.* 145, § 1, and both this statute and *R. S.* 9:2-1 were carried over into the Revision of 1937. It provides as follows: "Pending a suit for divorce or nullity, *brought in this state or elsewhere,* or after decree of divorce, *whether obtained in this state or elsewhere,* the Court of Chancery may make such order touching the alimony of the wife, and also touching the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, * * *." In 1938, an amendment *P. L.* 1938, *c.* 235 added the italicized language. The statute thus confers upon our courts the jurisdictional requirements to have enabled the court in the instant case to make the order complained of.

We concur in the reasoning of former Advisory Master Herr in *Levy v. Levy*, 17 *N. J. Misc.* 324, 326 (*Ch.* 1939), and his statement as to the effect of *R. S.* 2:50–37 in his work on divorce, Vol. 1, Sec. 446, p. 564. In the *Levy case* complainant, who had been awarded $15 per week by a New York decree for her support and that of her child, sought alimony and maintenance in our courts, both *pendente lite* and permanent, for the child who lived with her in New York. Defendant had remarried and lived in New Jersey. *Ad interim* maintenance for complainant and the child was allowed in the sum of $15 weekly under *R. S.* 2:50–37. The court pointed out that until the 1938 amendment it was without jurisdiction to award a wife, who had received a decree of absolute divorce elsewhere than New Jersey, alimony and maintenance under *R. S.* 2:50–37, citing *Hughes v. Hughes*, 125 *N. J. Eq.* 47 (*E. & A.* 1939), decided before the 1938 amendment became effective. The holding in the *Levy case* was that the 1938 amendment was intended "to enlarge the court's jurisdiction so as to enable it to make such awards in proper cases to former wives whose divorces have been secured abroad. This enlargement of jurisdiction is in furtherance of the modern tendency to regard a cause of action for alimony or maintenance as complete in itself and independent of the cause of action for divorce, and as being essentially personal and transitory in its nature." In Herr's treatise on divorce, in section 446 dealing with "Children of parents divorced in foreign jurisdictions" he says "Under this section (*R. S.* 9:2–1) the child must be an inhabitant of the state, but, if he is not, the court, nevertheless, may take jurisdiction in an independent proceeding under section 2:50–37 of the Revision."

*R. S.* 9:2–1 does not limit or restrict *R. S.* 2:50–37. These two statutes can be reconciled. *R. S.* 9:2–1 was primarily passed to provide an additional remedy for the support of an infant child in a proceeding for determining the custody of infant children found within the state. It was intended to implement the general equity jurisdiction *parens patriae*. The cases referred to by appellant *Hachez v. Hachez, supra;*

*Brown v. Parsons, supra; In re Smith, supra;* deal specifically with the single question of custody.

*R. S.* 9:2–1 provides a remedy irrespective of the domicile of the parents and while it also included a provision empowering the court to order support in the situation defined therein, no order of support can be made unless the defendant parent is served personally in the jurisdiction, because until the parent is thus brought into court there is no proceeding pending with respect to the question of support. *White v. White,* 65 N. J. Eq. 741, 745 (*E. & A.* 1903). On the other hand *R. S.* 2:50–37 deals with the situation where the infant children are not within the state but the defaulting parent is and has property with a *situs* in this state from which he can or should be made to contribute to the support of the children in accordance with the decree of another state final in nature or, if there be none such, then in accordance with the judgment of our courts as to what is reasonable and just in all the circumstances.

It is a proper deduction to conclude that motivating reasons for the enactment of the amendment of 1938, *R. S.* 2:50–37, were to effectuate the public policy of preventing this state from becoming a haven for defendants against whom decrees for support have been entered in foreign jurisdictions and to clear up any doubt with respect to the ability of our courts to grant relief by way of support after a foreign decree with respect thereto has been entered.

There is no common law duty for a parent to support a child, the duty is a moral one. Neither parent is legally compellable to perform such a duty except in the manner provided by statute. *Meier v. Planer,* 107 N. J. Eq. 398 (*Ch.* 1930) ; 1 *Herr on Marriage, Divorce and Separation, p.* 556. If a man comes to this commonwealth he is liable for his child's support under our statutory provisions and if this court secures jurisdiction over his person, or seizes his property located here, it may enforce this obligation whether the child resides here or elsewhere. "State boundaries do not make court barriers." *Gasteiger v. Gasteiger,* 5 N. J. Misc. 315 (*Ch.* 1927).

## II.

The Florida divorce contained this provision, "The jurisdiction of this cause is hereby retained for such further orders and decrees pertaining to the custody and support of said minor child as to the court may seem proper." In view of that provision and the law of the State of Florida is the decree of such finality as to be entitled to full faith and credit in New Jersey?

We are convinced the law of the State of Florida is that its courts may modify or alter a decree providing for the support of a minor child as to future payments, but cannot do so as to those payments past due and payable. The provision of the decree does no more than restate the Florida statute. *Section* 4993, *C. G. L. 1927*.

In the case of *Pottinger v. Pottinger*, 182 *So.* 762 (*Fla. Sup. Ct.* 1938), the petitioner had obtained a final decree of divorce from her husband in the Circuit Court. By the terms of the decree the care, custody and control of their minor child was awarded to petitioner and the defendant was ordered to pay the sum of $100 per month for its support. Some months later the father petitioned the Circuit Court for an order modifying the final decree by reducing the payments to $25 per month. That court held it had no right or authority to enter an order changing, altering or modifying a decree as to back support money as it had become vested, but modified the decree as to future payments. Defendant appealed and the Supreme Court affirmed notwithstanding the statute authorizing the modification of support orders at any stage of the proceedings, *supra*. It held the lower court was without authority to modify the original decree as to affect past due installments, as rights had become vested thereunder, and the court could not deprive the divorced wife of them by retroactive modification.

As to orders for the payment of alimony the ruling of the Supreme Court of Florida is to the same effect, *Van Loon v. Van Loon*, 182 *So.* 205 (*Fla. Sup. Ct.* 1938), although in a concurring opinion in that case it was pointed out that by

virtue of the general power of a court to control its own processes the court may for strong equitable reasons, growing out of radically changed circumstances, refuse to enforce its decree by issuance of execution and where rights have vested or been acquired in good faith under a decree of any sort, which has become final, the court generally refuses to stay or withhold execution of the decree.

The courts of New York and Pennsylvania also have so construed the Florida statutes, *Preston v. Preston* (1941), 178 *Misc.* 81, 33 *N. Y. S.* 2d 24; affirmed, 264 *App. Div.* 845, 918, 36 *N. Y. S.* 2d 421, 425; *Stewart v. Stewart* (1937), 127 *Pa. Super.* 567, 193 *A.* 860.

In *Boyer v. Andrews,* 186 *So.* 825 (*Fla. Sup. Ct.* 1940), the court considered an Illinois decree under which the divorced wife sued to recover past due installments for support and maintenance of her minor son and held that decree irrevocable as to past due installments, even though the provision of the decree providing for the payment recited "until further order of the court." The case of *Sistare v. Sistare,* 218 *U. S.* 1, 54 *L. Ed.* 905, 30 *S. Ct.* 681 (1910), was followed, indicating the judicial policy of the Florida courts in circumstances similar to those presented here. *Slade v. Slade,* 13 *So.* 2d 917 (*Fla. Sup. Ct.* 1943); *Fowler v. Fowler,* 31 *So.* 2d 162 (*Fla. Sup. Ct.* 1947), and *Cohn v. Mann,* 38 *So.* 2d 465 (*Fla. Sup. Ct.* 1949), are not to the contrary. In each of those cases the husband sought a reduction of the alimony provisions in the divorce decrees under the Florida statute as to future but not as to past due payments. Nor is *New York ex rel. Halvey v. Halvey,* 330 *U. S.* 610, 91 *L. Ed.* 1133, 67 *S. Ct.* 903 (1947), to the contrary. Modification of the terms of custody is always prospective unlike the case *sub judice* involving past due payments for support.

The United States Supreme Court in *Sistare v. Sistare, supra,* a case wherein the Supreme Court of Connecticut had refused to recognize a decree of the State of New York because it was of the opinion that the New York courts could modify or annul the support provisions thereof and therefore it was not final, held the power to modify did not extend

retroactively to arrearages. The case of *Lynde v. Lynde,* 181 *U. S.* 183, 45 *L. Ed.* 810, 21 *S. Ct.* 555, involving a New Jersey decree, was distinguished as it was recognized our Court of Chancery had the power to retroactively modify as to arrearages respecting alimony, but the New York courts had no such broad power. *Barber v. Barber,* 21 *Howard* 582, 16 *L. Ed.* 226 (1852), established the rule that a judgment recovered for alimony arrearages was within the full faith and credit clause and not overruled by the *Lynde case.* See also *Barber v. Barber,* 323 *U. S.* 77, 89 *L. Ed.* 82, 65 *S. Ct.* 137 (1944).

The law of Florida being that a decree ordering support to a minor made by its courts is, as to past due arrearages, a final judgment, the holding of the former Court of Errors and Appeals in *Bolton v. Bolton,* 86 *N. J. L.* 622 (*E. & A.* 1914), settles the question under consideration in favor of the respondent. It was there said that the decree of the Supreme Court of the State of New York, being a final and conclusive judgment as to past due installments, was one entitled to the benefit of the full faith and credit clause of the Federal Constitution as the right to the arrearages had become vested and the decree was final in respect thereto. *Cf. New York Civil Practice Act,* §§ 1170 and 1171 (1948); 6 *A. L. R.* 2d *p.* 1291.

2 *Beale, Conflict of Laws,* § 435.2, *pp.* 1392–1393, has this to say concerning the subject under discussion "A valid foreign judgment for alimony in a lump sum, being an ordinary money judgment, will be enforced. Where, however, the alimony takes the form of an ordinary decree that so much be paid weekly or monthly until further order the case is different. As to installments not yet due it is clear that no order can be made. Even as to installments overdue it was generally held at first that, since the decree could be modified at any time, it was never a final judgment, and nothing could be recovered on it. But later it was held that recovery could be had if the court that rendered the decision could not modify it as to installments already due, though if it had the power of modification as to installments already due no action

would lie on the judgment in another state. Finally, most of them following the case of *Sistare v. Sistare,* it was held that action would lie on a foreign judgment as to unpaid installments if in fact the first judgment had not been modified as to these installments. Where action is allowed on a foreign decree for care of children, the course of decision is similar."

The judgment is affirmed.

Heher, J., concurring in result.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.