MRS. JANE V. ALLMAN v. THURMAN BURNETT REGISTER, SR.

(Filed 2 May, 1951.)

**1. Divorce § 21—**

Where decree of divorce of another state awards the custody of the minor children of the marriage, our court has no jurisdiction in a proceeding under G.S. 50-13 to award the custody of the children except in conformity with the decree of the sister state unless the children are domiciled in this State at such time.

**2. Domicile § 2—**

While the domicile of unemancipated children is ordinarily that of their father during their minority, where the father abandons his wife and children or the parents are separated by judicial decree or divorce which awards the children's custody to the mother, the children's domicile follows that of the mother.

**3. Domicile § 1—**

The place of children's residence and the place of their domicile may not be the same.

**4. Domicile § 2: Appeal and Error § 40d—**

Where it affirmatively appears from the record that the husband had abandoned his wife and children and that the children had continuously thereafter lived with their mother in another state except for brief periods when they were permitted to visit their father in this State, the children's domicile is in such other state, and a finding by our court upon the record that the domicile of the children was in this State is a conclusion of law and not binding on appeal.

**5. Domicile § 2—**

An unemancipated infant cannot, of its own volition, select, acquire or change its domicile.

**6. Divorce § 21: Constitutional Law § 28—**

Where a court of another state has jurisdiction over the parties and the minor children of the marriage, its divorce decree granting the custody of the children of the marriage to their mother is binding on our courts under the full faith and credit clause of the Federal Constitution and the only forum in which such decree can be modified is the court in which the decree was entered.

**7. Divorce §§ 20, 21: Constitutional Law § 28—**

Where a court of a sister state, having jurisdiction of the parties and the children of the marriage, has entered a decree for divorce awarding custody of the children to their mother with direction that the father contribute to their support, and the mother and the children continue to be domiciled in such other state, our courts have jurisdiction to award the custody of the children only in accordance with such foreign decree and may render judgment for past due and unpaid installments for the support

and maintenance of such children, but not for the payment of future installments.

APPEAL by plaintiff from *Crisp, Special Judge,* December Term, 1950, of MECKLENBURG.

This is a special proceeding instituted pursuant to the provisions of G.S. 50-13, for the custody of Nancy Ann Register and Thurman Burnett Register, Jr.

It was agreed by the parties that the trial judge would hear the case upon the affidavits, letters and oral testimony of the parties, find the facts and enter his conclusions of law.

The pertinent facts are as follows:

1. That plaintiff and defendant intermarried in the City of Richmond, State of Virginia, on 14 September, 1934, and two children were born of the marriage, to wit, Nancy Ann Register on 11 October, 1937, and Thurman Burnett Register, Jr., on 12 April, 1940.

2. That the plaintiff has always lived in the State of Virginia, except for two years when she and her children resided with the defendant in Wilmington, North Carolina, from the fall of 1941 until the fall of 1943.

3. That plaintiff instituted an action for an absolute divorce against the defendant in the Circuit Court of Henrico County, Virginia, on or about 15 May, 1947, in which action she prayed the court to award her the custody and care of the aforesaid children, and further asked for an order directing the defendant to pay a sufficient sum of money for the support of said children; that at the time of the institution of such action the defendant was a citizen and resident of said Henrico County, Virginia, and was personally served with summons in said divorce action and with a Notice to Take a Deposition in connection therewith on 16 May, 1947. The Bill of Complaint which was subsequently filed by the plaintiff was not personally served on the defendant.

4. That the defendant failed to answer or demur to the Bill of Complaint, and on 7 July, 1947, a decree granting an absolute divorce to the plaintiff was entered on the ground that the defendant had deserted and abandoned her, in March, 1945, and the decree further awarded the full care and custody of Nancy Ann Register and Thurman Burnett Register, Jr., to the plaintiff, and ordered the defendant to pay to the plaintiff the sum of $20.00 per week, beginning as of 30 June, 1947, for the maintenance and support of the two said children until further orders of said court.

5. That according to the allegations in plaintiff's complaint and affidavit in support thereof, the defendant at the time this proceeding was instituted was in arrear in his payments under the above order in the sum

of $1,540.00, and that the decree of the Circuit Court of Henrico County, Virginia, has not been modified.

6. That on 9 July, 1949, the plaintiff intermarried with one Carl F. Allman, and she and her present husband reside with her mother on a 35-acre farm in Henrico County, near the City of Richmond, Virginia, where she and her children have lived since the fall of 1943.

7. That the defendant has remarried and now lives with his wife and her 14 year old son by a former marriage, in Charlotte, North Carolina.

8. That pursuant to an agreement between the plaintiff and defendant, the children in question were permitted to visit their father in Charlotte, North Carolina, during the summer vacation seasons of 1948, 1949 and 1950; that prior to 1950 the children were returned to Richmond each summer in time to enter school in the fall, but in 1950, the father refused to permit the children to return to Virginia, hence the institution of this proceeding.

The court found as a fact "that the home of the defendant is a suitable and desirable place for the rearing, care and supervision of the aforesaid minor children; that the said children are receiving proper religious and moral training." No finding was made in respect to the fitness of the mother or her ability to provide for her children. The plaintiff's evidence, however, was ample to show that she is a good mother and a woman of excellent character; that she and her folks have provided a comfortable home for these children and have heretofore made adequate provision for their education and religious training.

On the above facts the court below held that these children, at the time of the institution of this proceeding, "were living with and residing with the defendant and were residents of North Carolina"; and further held that the decree as to the custody of these children, entered in the Circuit Court of Henrico County, Virginia, was not binding on the courts of North Carolina, and awarded the care, custody and control of the children to the defendant.

The plaintiff appeals and assigns error.

*Charles W. Bundy for plaintiff.*
*Ray S. Farris and Hugh M. McAulay for defendant.*

DENNY, J. The question of the fitness or unfitness of the plaintiff to have custody of her children was not an issue in the hearing below. The validity of the judgment, from which she appeals, depends on whether the children involved herein were domiciled in North Carolina at the time this proceeding was instituted. It must be conceded that unless the children were domiciled in this State at such time, the court below was without jurisdiction to award their custody, except in con-

formity with the decree theretofore entered in the Circuit Court of Henrico County, Virginia. *Burns v. Shapley,* 16 Ala. App. 297, 77 So. 447; *Peacock v. Bradshaw,* 145 Texas 68, 194 S.W. 2d 551; Conflict of Laws, by Beale, Vol. II, Sec. 144.3, p. 717.

Ordinarily the domicile of an unemancipated child, during its minority, follows that of the father. *Thayer v. Thayer,* 187 N.C. 573, 122 S.E. 307; *In re Means,* 176 N.C. 307, 97 S.E. 39; *Yarborough v. Yarborough,* 290 U.S. 202, 78 L. Ed. 269, 90 A.L.R. 924; 17 Am. Jur., Domicile, Sec. 57, p. 625; 28 C.J.S., Domicile, Sec. 12, p. 21. However, where parents are separated by judicial decree or divorce and the custody of a child is awarded to the mother, or where a father abandons the mother and child, the child's domicile follows that of the mother. 28 C.J.S., Sec. 12 (2), p. 21, *et seq.;* 17 Am. Jur., Domicile, Sec. 59, p. 627; Restatement, Conflict of Laws, Sections 32 and 33, pp. 57 and 58; *In re Means, supra; Wear v. Wear,* 130 Kan. 205, 285 Pac. 606, 72 A.L.R. 425; *Moss v. Ingram,* 246 Ala. 214, 20 So. 2d 202; *State v. Peisen,* 233 Iowa 865, 10 N.W. 2d 645. And it should be kept in mind that a child may reside in one place and its domicile may be in another. *Duke v. Johnston,* 211 N.C. 171, 189 S.E. 504; *Sheffield v. Walker,* 231 N.C. 556, 58 S.E. 2d 356.

It affirmatively appears from the record that the defendant abandoned his wife in 1945, and that the children have lived with their mother continuously since that time, except for the brief periods they have been permitted to visit their father, in Charlotte, North Carolina. Therefore, the domicile of these children would have been the same as that of their mother, even though the Virginia Court had not awarded her the custody of them. Restatement, Conflict of Laws, Section 33, p. 58.

Consequently, the purported finding of fact to the effect that these children were residents of North Carolina at the time of the institution of this proceeding, is but a conclusion of law and cannot be sustained on this record.

"An unemancipated infant, being *non sui juris,* cannot of his own volition select, acquire, or change his domicile." *Thayer v. Thayer, supra; In re Reynolds,* 206 N.C. 276, 173 S.E. 789; *Duke v. Johnston, supra; In re Blalock, ante,* 493; *In re Webb's Adoption,* 65 Ariz. 176, 177 P. 2d 222.

There is no contention here that the plaintiff, who is the legal custodian of her children, under the Virginia decree, has become domiciled in North Carolina, as was the case in *In re Alderman,* 157 N.C. 507, 73 S.E. 126, and *Hardee v. Mitchell,* 230 N.C. 40, 51 S.E. 2d 884, decisions upon which the appellee is relying.

Moreover, it appears that the Virginia Court had jurisdiction over the parties to this proceeding, including the minor children involved, at the time the plaintiff's divorce decree was granted and she was awarded the

full care and custody of her children. Therefore, so long as the plaintiff and her children are domiciled in that State, and the decree awarding her the custody of her children remains unmodified, such decree is binding on our courts under the full faith and credit clause of the Constitution of the United States. *In re Biggers,* 228 N.C. 743, 47 S.E. 2d 32; *McMillin v. McMillin,* 114 Col. 247, 158 P. 2d 444, 160 A.L.R. 396; *Cole v. Cole,* 194 Miss. 292, 12 So. 2d 425; *Parsley v. Parsley,* 189 La. 584, 180 So. 417; *Fraley v. Martin* (Texas Civ. App.), 168 S.W. 2d 536; *Ex Parte Mullins,* 26 Wash. 2d 419, 174 P. 2d 790; 27 C.J.S., Divorce, Sec. 329, p. 1284. And the only forum in which the decree awarding custody of these children to the plaintiff may be amended or modified, is the court in which the decree was entered. *Howland v. Stitzer,* 231 N.C. 528, 58 S.E. 2d 104.

In cases like this, our courts are open for the purpose of obtaining custody of children, in accordance with the general law or a valid and binding court decree of a sister state, where such state is the domicile of the children; and, likewise in order to obtain a judgment for any past due and unpaid installments due under such decree, for the support and maintenance of such children. *Burns v. Shapley, supra; Bradley v. Bradley,* 309 Ky. 28, 214 S.W. 2d 1001; *Hatrak v. Hatrak,* 206 Miss. 239, 39 So. 2d 779; *Conwell v. Conwell,* 3 N.J. 266, 69 A. 2d 712; *Boyer v. Andrews,* 143 Fla. 462, 196 So. 825. But our courts are neither authorized nor required, under the full faith and credit clause of our Federal Constitution in such cases, to render judgment for the payment of future installments for the support of such children in conformity with a decree of a sister state in which the cause has been retained for further orders of such court. The law in this respect is similar to that which applies to the payment of future installments of alimony under a decree of a sister state. *Willard v. Rodman,* 233 N.C. 198, 63 S.E. 2d 106, and cited cases; *Green v. Green,* 239 Ala. 407, 195 So. 549.

The order awarding the custody of Nancy Ann Register and Thurman Burnett Register, Jr., to the defendant is set aside, and this cause is remanded for further proceedings in accord with this opinion.

Error and remanded.