JACK HOPKINS v. SALLY HOPKINS

No. 7028SC20

(Filed 27 May 1970)

**1. Domicile § 3— child custody decree — domicile of child**

Where custody of children was awarded to the mother by a divorce decree entered in another state, the children are considered domiciled where the mother is domiciled.

**2. Divorce and Alimony § 22— child custody action — application of former G.S. 50-13**

[Former] G.S. 50-13 applies to an action for child custody begun prior to 1 October 1967, the effective date of G.S. 50-13.1 *et seq.* which repealed and replaced G.S. 50-13.

**3. Divorce and Alimony § 22— foreign child custody decree — jurisdiction under former G.S. 50-13 to determine custody**

Where a decree of divorce of another state awarded custody of the minor children of the marriage, the courts of this State have no jurisdiction under [former] G.S. 50-13 to award custody of the children except in conformity with the decree of the sister state unless the children are domiciled in this State at such time.

**4. Divorce and Alimony § 22— custody of children domiciled in foreign state — temporary visit in this State — jurisdiction under former G.S. 50-13**

Where a divorce decree of another state awarded custody of the children of the marriage to the mother, who is a resident of and is domiciled in such other state, and the children have continuously resided with the mother and have been in this State only for temporary visits with the father, the courts of this State had no jurisdiction to determine an action for custody of the children instituted by the father during a temporary visit of the children in this State, notwithstanding the mother filed an answer in the father's action, and orders issued by the court in such action are null and void.

HOPKINS *v.* HOPKINS

5. **Courts § 2; Judgments § 17— decision by court without jurisdiction — null and void proceedings**

When a court decides a matter without having jurisdiction, the whole proceeding is null and void.

6. **Divorce and Alimony § 22— child custody order — lack of jurisdiction — motion to modify original order**

Where the court did not have jurisdiction to enter an order in the father's action for custody of children domiciled in another state, the court did not have jurisdiction to pass upon the father's motion for modification of the original order based upon an alleged change of conditions, the motion being merely a continuance of the original action.

7. **Divorce and Alimony § 22— modification of foreign child custody decree — G.S. 50-13.7 (b)**

In order to invoke the aid of G.S. 50-13.7(b) governing the entry of a new order for child custody or support which modifies or supersedes an order entered by a court of another state, plaintiff must show (1) jurisdiction and (2) changed circumstances.

8. **Divorce and Alimony § 22— child custody — jurisdiction — physical presence in State**

The courts of this State can acquire jurisdiction in a child custody proceeding instituted after 1 October 1967 when the child is physically present in this State. G.S. 50-13.5(c) (2) (a).

9. **Divorce and Alimony § 22— child custody — acquisition of jurisdiction — child subsequently leaves State**

If the court acquires jurisdiction in a child custody proceeding, the fact that the child subsequently leaves the State would not deprive the court of jurisdiction. G.S. 50-13.5(c) (4).

10. **Divorce and Alimony § 22— child custody order — lack of jurisdiction — motion to modify order — children physically present in State**

Where the court had no jurisdiction when it entered a custody order for children domiciled in another state, the court did not acquire jurisdiction under G.S. 50-13.7(b) by a motion in the cause for change in the custody of one of the children filed by the father after the effective date of that statute while the children were physically present in this State, since the filing of a motion in a cause in which the court has not acquired jurisdiction does not confer jurisdiction under G.S. 50-13.7.

11. **Courts § 9— general county court — disregard of void order by another judge**

If a judge of the general county court enters an order without legal power to act in respect to the matter, such order is a nullity, and another judge of the general county court may disregard it without offending the rule which precludes one judge of the general county court from reviewing the decision of another.

**12. Courts § 9;    Divorce and Alimony § 22—    custody order void for lack of jurisdiction — dismissal of action by another judge**

Where the general county court had no jurisdiction in a child custody action, judge of the general county court did not err in setting aside the custody orders entered in the matter by another judge of the general county court and in dismissing the action.

APPEAL by plaintiff from *Grist, J.,* July 1969 Session of Superior Court held in BUNCOMBE County.

Jack Hopkins (plaintiff) and Sally Hopkins (defendant) were married on 16 October 1954 in Bar Harbor, Florida. At that time they were both citizens and residents of the State of Florida. Three children, John Taylor Hopkins, George P. Hopkins, and James Gillmore P. Hopkins, were born of the marriage. The plaintiff and defendant were divorced in June 1964 in Duval County, Florida. The Florida court had jurisdiction of the plaintiff, the defendant, and the three children. In the divorce decree an order was entered awarding custody of the children to the defendant, with the right given to the plaintiff to visit with and be visited by said minor children. Subsequent to the divorce, the plaintiff moved his residence to Buncombe County, North Carolina. The children resided with their mother in Florida until 11 August 1967 when, pursuant to an agreement between plaintiff and defendant, the children were permitted to visit plaintiff in Buncombe County. The period of visitation was to be from 11 August 1967 until 28 August 1967. On 28 August 1967, the plaintiff filed a petition in the general county court for custody of the three children. Temporary custody of the children was granted to plaintiff on 29 August 1967. On 19 October 1967, the defendant filed an answer to the complaint asking the court to dismiss the action for lack of jurisdiction and in the alternative praying for the custody and support of the children.

On 27 October 1967 the judge held a hearing and granted custody to the defendant but required that (1) the children be given psychological and psychiatric treatment; (2) the mother file bi-weekly reports with the father on the children's progress; (3) the father pay $27.50 per week support; (4) the father could have custody of the children during the summer of 1968; and (5) each party must file a $5,000 bond to secure compliance with this judgment. No exception or appeal was taken from this order by either of the parties. The children again visited the plaintiff in August 1968, and on 7 August 1968 the plaintiff filed a motion in Buncombe County Superior Court alleging a change of conditions since the order of 27 October 1967 and asking for one year temporary custody of the

oldest child. The record is silent as to whether such notice was served on defendant. The child was returned to Florida at the end of August 1968.

On 9 December 1968 defendant filed an answer to the motion asking that the motion be denied and that the children's visitation with the plaintiff be curtailed and that support paid by the plaintiff be increased.

On 14 December 1968 Judge Willson of the General County Court issued an "Interim Order" ordering the oldest child, John Hopkins V, to be delivered to the plaintiff in order that the child undergo a "complete and up-to-date psychological evaluation." The record fails to reveal that the defendant had any notice of this hearing.

On 20 December 1968 defendant filed a motion before Judge Cogburn of the General County Court asking that the "Interim Order" be set aside and that the court dismiss the pending actions for lack of jurisdiction.

Judge Cogburn, after a hearing, found the facts to be as follows:

"1. That this action was instituted by the plaintiff, filed August 28, 1967; that the return on the summons in said action showed the defendant not to be found in Buncombe County; that thereafter attempted service of process was made by publication upon the defendant.

2. That at the time of the institution of said action by the filing of complaint on August 28, 1967, the plaintiff had physical possession of the children born of plaintiff and defendant, pursuant to an informal agreement of the parties that said children would visit with the plaintiff during the summer of 1967, said informal agreement providing that the children were to visit with the plaintiff from August 11, 1967, until no later than August 28, 1967, so that the children may rest several days prior to returning to school in Florida, and that said informal agreement further provided that any litigation in any state pending at the time of said agreement concerning child visitation rights of Jack P. Hopkins, be withdrawn.

3. That at the time of the institution of said action by the plaintiff on August 28, 1967, the plaintiff obtained an order wherein the court awarded temporary custody to the plaintiff, Jack Hopkins, upon a finding without hearing or notice of hearing, that the custody of John Taylor Hopkins, George P. Hopkins and James Gilmore P. Hopkins, was within the jurisdiction of this court.

4. That the plaintiff in his complaint alleged and the defendant by answering, admitted the following:

(a) That plaintiff is a citizen and resident of Buncombe County, North Carolina.

(b) That the defendant is a citizen and resident of the State of Florida.

(c) That the plaintiff and defendant were married on the 16th day of October, 1954.

(d) That the following children were born of the marriage, to-wit: John Taylor Hopkins, born June 12, 1960, George P. Hopkins, born January 2, 1962, and James Gillmore P. Hopkins, born August 25, 1963.

(e) That the plaintiff and defendant were divorced in Duval County, Florida, during the month of June, 1964.

(f) That the above named children have been in the custody of the defendant since the time of the divorce.

5. That pursuant to questions proposed by the court to the plaintiff through his counsel with plaintiff being present in open court, the following facts were admitted by the plaintiff:

(a) That a final decree in a certain action entitled 'Sally C. Hopkins, plaintiff, vs. Grover P. Hopkins, defendant', and bearing case number 64-843-E was entered in the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida, on June 9, 1964, and that the parties to the action now before the court were one and the same parties in the action instituted in Duval County, Florida, and that the defendant in the Duval County Florida action, plaintiff herein, filed pleadings and appeared before the court and the Duval County, Florida court in all respects had personal jurisdiction over the defendant in said action, plaintiff herein.

(b) That said final decree entered in Duval County, Florida, as aforesaid, provided as follows with reference to the custody of the minor children named in said action, same being the same minor children named in the action now pending before the court:

'2. That the plaintiff, Sally C. Hopkins, shall have the permanent care, custody and control of the three minor children of the parties, to-wit: John T. Hopkins, age 3 years, George P. Hopkins, age two years, and James Gillmore Hopkins, age 8½ months. The defendant shall have the right to

· visit with and be visited by said minor children of the parties
· :at reasonable time and proper places.'

(c)  That said final decree insofar as it affected the custody
of the minor children of plaintiff and defendant had not been
modified, changed, stricken or otherwise disturbed by motion
of either party prior to the institution of the action now before
the court on August 28, 1967.

(d)  That the plaintiff acknowledged the informal agree-
ment made between the parties for the visitation of the three
minor children herein named, said informal agreement prev-
iously referred to and pertinent parts thereof set forth herein.

(e)  That prior to August 28, 1967, the children had not
been to the State of North Carolina, except for the purpose of
visitation with their father, the plaintiff herein, with specific
arrangements being made for their return to their usual resi-
dence in the State of Florida.

6.  That the defendant in her answer and by way of further
answer and defense by way of motion to dismiss for lack of ju-
risdiction, affirmatively alleged the entry of the final decree in
the Duval County, Florida, action and asserted said final de-
cree as being entitled to full faith and credit in the court of the
State of North Carolina, in (sic) a bar to any action instituted
within the State of North Carolina.

7.  That the minor children herein named were returned to
the State of North Carolina during the summer of 1968, and
remained here for the purpose of a summer visitation with their
father, the plaintiff herein, and returned to the State of Florida
on or about August 18, 1968, and that prior to their return on
August 18, 1968, and on August 7, 1968, the plaintiff made mo-
tion in the cause requesting certain relief of the court concern-
ing the minor child, John Taylor Hopkins, V.

8.  That on December 14, 1968, this court entered an interim
order requiring that the defendant relinquish the custody of the
minor child, John Taylor Hopkins, V, to the plaintiff, that said
order was entered without notice or opportunity to be heard
and said order was entered when neither the defendant nor the
subject of said order, John Taylor Hopkins, V, were in the
State of North Carolina.

9.  That the minor child, John Taylor Hopkins, V, and the
other minor children of plaintiff and defendant, are not now
presently before the court nor within the State of North Car-

olina, and that the defendant in this action is now and consistently has been for a number of years, a resident of and domiciled in the State of Florida, and that the minor children of plaintiff and defendant herein named, are now and consistently have been since their birth, domiciled in and residents of the State of Florida."

There were no exceptions taken to these findings of fact by either party. Judge Cogburn concluded and adjudged that the court did not have jurisdiction of the children, vacated all orders heretofore entered herein, and dismissed the action. Plaintiff appealed to the Superior Court, and Judge Grist affirmed the judgment of the General County Court.

From the order of the superior court plaintiff appealed to the Court of Appeals.

*Sheldon L. Fogel for plaintiff appellant.*

*Gudger, Erwin and Crow by James P. Erwin, Jr., for defendant appellee.*

MORRIS, J.

[1] Originally, custody of the children had been awarded to the mother of the children pursuant to a divorce decree in the State of Florida. The children are considered domiciled where the mother is domiciled. *Allman v. Register*, 233 N.C. 531, 64 S.E. 2d 861 (1951). The mother is a resident of and is domiciled in Florida. The children lived with their mother in Florida. They have only been in North Carolina for temporary periods of time when they visited with their father, after he became a resident of North Carolina.

[2] Since this action was begun on 28 August 1967, G.S. 50-13 applies, even though it was repealed and replaced by G.S. 50-13.1 through 50-13.8, which became effective from and after 1 October 1967. This statute as amended does not apply retroactively. *Speck v. Speck*, 5 N.C. App. 296, 168 S.E. 2d 672 (1969).

[3] Prior to the 1967 amendments of the statute (G.S. 50-13), our Supreme Court had held that "(w)here decree of divorce of another State awards the custody of the minor children of the marriage, our court has no jurisdiction in the proceeding under G.S. 50-13 to award the custody of the children except in conformity with the decree of the sister state unless the children are domiciled in this State at such time." *Allman v. Register, supra.*

In *Richter v. Harmon,* 243 N.C. 373, 90 S.E. 2d 744 (1956), the Court quoted 43 C.J.S., Infants, § 5, p. 52, et seq., with approval and stated:

> " 'Jurisdiction to control, and determine and regulate the custody of, an infant is in the courts of the state where the infant legally resides, and the courts of another state are without power in the premises, and cannot obtain jurisdiction for such purpose over persons temporarily within the state . . . .' "

[4]  While *Allman v. Register, supra,* has been distinguished and harmonized by our Supreme Court in various decisions [see *Dees v. McKenna,* 261 N.C. 373, 134 S.E. 2d 644 (1965); *Lennon v. Lennon,* 252 N.C. 659, 114 S.E. 2d 571 (1960); *Richter v. Harmon, supra*], it still, on its facts, remained the law of North Carolina until the 1967 legislative amendments of G.S. 50-13, which became effective on 1 October 1967. The facts in *Allman* and the facts in this case are substantially the same. In each case the children were domiciled and resident in another state. The children were visiting with their father in North Carolina for a specific and temporary period of time. In the case before us the father petitioned the court during this time for an award of custody of the children. The fact that the mother filed an answer in the father's action for custody did not confer jurisdiction over these children. *Allman* controls here, and we hold that the orders of the General County Court issued in the action commenced 28 August 1967 are null and void since the court was without jurisdiction to determine the matter.

[5]  When a court decides a matter without the court's having jurisdiction, then the whole proceeding is null and void, *i.e.,* as if it had never happened. *Burgess v. Gibbs,* 262 N.C. 462, 137 S.E. 2d 806 (1964); *Hart v. Motors,* 244 N.C. 84, 92 S.E. 2d 673 (1956); *Hill v. Stansbury,* 224 N.C. 356, 30 S.E. 2d 150 (1944).

[6]  On 7 August 1968 the plaintiff filed a motion in this action asking for custody of the oldest child. The plaintiff alleged change of conditions since the entry of the original judgment granting custody to the defendant on 27 October 1967. This motion is merely a continuance of the original action. See Lee, N.C. Family Law, § 226, and G.S. 50-13.7(a). Since we hold that the court did not have jurisdiction in the original action, then it logically follows that the court could not modify that which was *null* and *void.* See *Hill v. Stansbury, supra.*

The question arises as to whether the motion filed on 7 August 1968 might be treated as a motion for a "new order" under G.S. 50-13.7(b) (effective 1 October 1967).

**[7]**   G.S. 50-13.7(b) reads as follows:

"(b)   When an order for custody or support, or both, of a minor child has been entered by a court of another state, a court of this State may, upon gaining jurisdiction, and upon a showing of changed circumstances, enter a new order for support or custody which modifies or supersedes such order for custody or support."

In order to invoke the aid of this statute, the plaintiff must show (1) jurisdiction and (2) changed circumstances.

**[8-10]**   Jurisdiction after 1 October 1967 could be acquired under G.S. 50-13.5(c)(2)a. when the child is *"physically present"* in this State. The child at the time of the filing of the motion in August 1968 may have been physically present in this State. If the court had acquired jurisdiction the fact that the child subsequently left the State would not deprive the court of jurisdiction. G.S. 50-13.5 (c)(4). However, filing a motion in a cause in which the court has not acquired jurisdiction does not serve to confer jurisdiction under G.S. 50-13.7. Moreover, the "Motion to be used as an affidavit" filed by the plaintiff on 7 August 1968 does not contain allegations sufficient to state a cause of action under G.S. 50-13.7(b).

**[11, 12]**   Plaintiff contends that the orders of one judge of the General County Court may not be modified or reversed by another judge of the General County Court. The rule as to the authority of one superior court judge to modify and reverse the orders of another superior court judge is applicable here. See *Johnson v. Johnson,* 7 N.C. App. 310, 172 S.E. 2d 264 (1970). However, the correct rule upon these facts is stated in 2 Strong, N.C. Index 2d, Courts, § 9: "If a judge of the Superior Court enters an order without legal power to act in respect to the matter, such order is a nullity, and another Superior Court judge may disregard it without offending the rule which precludes one Superior Court judge from reviewing the decision of another." The General County Court had no jurisdiction to determine the custody of the children in the action commenced on 28 August 1967. Judge Cogburn of the General County Court did not commit error in setting aside the orders issued and dismissing the action.

For the reasons stated above, the judgment of the Superior Court of Buncombe County is

Affirmed.

PARKER and VAUGHN, JJ. concur.