## Distler v. Distler.

February 22, 1949.

F. L. Pearl for appellant.

W. A. Middleton for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
—Affirming in part, reversing in part.

This is an aftermath of Distler v. Distler, 301 Ky. 331, 191 S.W.2d 226, 228, decided December 7, 1945. Insofar as it affects the instant case our opinion reads:

"Appellant (Mrs. Distler), under the evidence, is entitled to maintenance and support of herself and her infant child now living with her, and since the agreed judgment fixed that sum at $100 per month we conclude that the same amount should continue to be paid to appellee under the terms of the agreement instead of the self-reduced amount of $60 per month that the husband fixed, and which was adopted by the court."

We reversed, with directions to enter a judgment against the husband for the amount of the deficit due the wife under the 1938 agreement, which "according to the record is $898, the semi-monthly payments to continue as herein allotted until the change of condition shown at a future hearing." Our mandate was spread on the court's record on January 22, 1945.

In June of 1947 appellee filed a petition in which he sought to be "required to pay only $60 per month from the time the said infant child, Jack Distler, became self-sustaining, until further orders of this court." He then plead, in substance, the agreement of July 1938, referred to in our former opinion. He alleges that Jack Distler in May of 1942, left home and entered school in Lexington, and earned as much as $80 per month while attending school, and the plaintiff received no part of his wages; that Raymond, then 17 years of age, was earning about $40 per month; that when Jack began to earn the $80 per month plaintiff "then paid to Anna Distler $60 per month instead of $100, as he believed that $60 per month was sufficient for her upkeep and the upkeep of the infant child, as he (petitioner) was not staying at the home" as was provided he might do under the property settlement contract. At this point it may be stated that Raymond was at the time of filing the petition, June

1947, 17 years of age, and by stipulation was shown to have earned from September 4, 1946 to September 17, 1947 a net sum of $446.

As bearing on the question of altered condition, plaintiff alleged that while under the terms of the agreement he had the right to occupy the home, at the expense of the wife, out of the $100 per month, the situation became unbearable and he was required to live elsewhere at an expense of $75 per month; that since his net earning was about $190 per month, after paying for bed and board, and out of the $100 per month, if compelled to do so, he would have left about $15 per month for other necessary incidentals. His prayer was as stated above, that the court require him to pay only $60 from the time Jack became self-sustaining. It was also stipulated that from June 15, 1946, to and including March 15, 1948, appellee had regularly paid $30 each half month.

Appellant in response admitted that "it is true that plaintiff has the right and the court has the jurisdiction for application and hearing for modification of the semi-monthly payment * * * in the event a change of condition warrants modification of the judgment" following appeal and reversal. The response contains only one denial: "That plaintiff has correctly stated his earnings in his petition." The defense plead was one of res adjudicata or "law of the case", that is that our opinion fixed the amount that Mr. Distler should pay, and these amounts could not be reduced by the whim of Mr. Distler, but that proper application should be made to the circuit court to modify; that our opinion constitutes res adjudicata, up to the time of the filing of the petition for modification, which date was June 20, 1947.

No proof was taken by either party, but several stipulations bore out the facts substantially as plead, and as we have stated them, and upon the pleadings and stipulations the matter was submitted to the chancellor. In his judgment he referred to "a partial judgment of June 1947, under which Mr. Distler had paid to his wife as per our opinion, $948, as adjudged by the Court of Appeals in Distler v. Distler." The court then on pleadings and stipulation adjudged that plaintiff was not indebted to defendant in any sum "except the amount hereinafter set out." Further, he found that Raymond

was employed making an average of $40 per month; that Jack became 21 years of age on December 20, 1945, and plaintiff was not liable for his support. It was then adjudged that Mr. Distler pay to defendant $30 on the first and fifteenth of each month until further orders, except at times when he was unemployed.

As we read the judgment the effect was to hold that appellee was not required to pay the $100 fixed in the former judgment but was only required to pay the $60 which he had elected to pay from the time Jack became self-suporting.

At this point we may say that Mrs. Distler is only appealing from so much of the judgment as "exonerates Mr. Distler from accrued delinquencies; * * * she has concluded not to attack the judgment which reduced further payments of $60 per month." As we read the pleadings and stipulation we are convinced that her concession in respect of the court's modification is well grounded. However, we are clearly of the opinion that appellant's contention that she is entitled to "a judgment for $40 per month from January 1, 1946 to and including June 1947, the date of petition for modification, with interest at 6% per annum from the accrued date of each $40, is sound.

Appellee's brief attempts to take us back to the original case, mildly suggesting the court was in error in granting divorce, and that the court correctly modified the judgment in making the reduction, but it should have been greater because of the showing of changed condition, citing cases which do not bear on the sole questions of the effect of the agreement and the judgment following our opinion, or whether or not Mr. Distler after being warned, could sua sponte reduce the payments without recourse to the court, which he might have done immediately following our decisions under the showing presented. It may be doubted that the court could have made a retroactive reduction. See Bradley v. Bradley, 309 Ky. 28, 214 S.W.2d 1001.

What we wrote in Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68, 69, (a divorce and alimony case), is applicable to the situation presented here: "After the judgment is entered, although it may be subject to modification at a subsquent date, it is binding and final until

modified; and any payments which may have become due previous to such modification constitute a fixed and liquidated debt in favor of the judgment creditor against the judgment debtor.''

So much of the judgment as reduced the monthly payments to appellee to $60 per month is affirmed; that part which exonerates Mr. Distler from meeting the deficits is reversed and the case remanded for entry of a judgment in conformity to this opinion.

Affirmed in part; reversed in part.