**Leona Carter BRAMBLETTE, Appellant,**

v.

**John Emerson BRAMBLETTE, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1969.

Jack M. Lowery, Jr., Louisville, for appellant.

Edward A. Marye, Jr., Versailles, for appellee.

PALMORE, Judge.

After a marriage of some 26 years Leona Carter Bramblette sued for and obtained a divorce (uncontested) from John Emerson Bramblette. She appeals from that portion of the judgment awarding alimony of $225 per month, contending it is inadequate.

The proof established that Leona "had no training or experience which would permit her to obtain gainful employment, that she was in poor health and required periodic medical attention and that she was entirely dependent upon the defendant for maintenance and support." The record does not disclose Leona's age or the nature of her physical difficulties. The two children of the marriage are grown and emancipated.

At the time the agreed statement of the record was entered (CR 76), on February 20, 1968, John was 52 years of age and was employed as a factory maintenance foreman at a base salary of $800 per month. He often works overtime, and in 1966 earned a gross salary of $11,356. He reasonably expects to be able to continue earning $10,000 to $11,000 per year.

The parties did not accumulate any real estate during the marriage. Leona was awarded the household furnishing and John was awarded the remaining property, consisting of an automobile, his personal effects, and a second mortgage note in the approximate amount of $2,000, which pays him $21 per month.

In 1966 John's "take home" pay, after deductions for income and other taxes, insurance, and payments on the automobile, was about $6,900.

In February of 1967 the trial judge, the late W. B. Ardery, ordered John to pay Leona $300 per month as alimony pendente lite and reserved judgment on a permanent

award until John filed a statement of his earnings subsequent to 1966. Such a statement was later filed, but the appellate record does not reflect its contents. Meanwhile Judge Ardery died and was succeeded by the present chancellor who, after consideration of the entire record, including the supplemental financial information, entered findings of fact, conclusions of law and the judgment now on appeal.

Both parties cite cases for our consideration, but the question of how much alimony should be awarded is essentially a factual issue, and although the legal and equitable principles are the same it is seldom if ever that the facts of any two cases are sufficiently alike for one to be entirely dispositive of the other. This is particularly so when there is no accumulation of property against which the wife's equities can be measured, or out of which provision can be made for her sustenance and security, and the chancellor is required to strike a balance between what he estimates the wife must have and the husband can pay.

One of the lessons often brought home by a divorce is that two people cannot live separately as cheaply as they can live together. It is the usual case that when the earnings of one must be split between the two they are not sufficient to satisfy either. So it is here. The wife is dissatisfied, yet we do not doubt that the husband also is unhappy with his reduced income. It should be recognized, we think, that he must be permitted to live with a reasonable degree of comfort in order to preserve his incentive to go on working and earning enough to pay his divorced wife anything at all. He cannot realistically be reduced to a state of privation as the price of maintaining her in idle comfort.

An open-end award, as we have in this case, remains subject to future adjustment as conditions warrant or demand. Gann v. Gann, Ky., 347 S.W.2d 540, 542 (1961). The allowance of $225 per month for the present is not liberal, but we cannot

hold it is so clearly inadequate as to justify substituting our judgment for that of the chancellor.

The judgment is affirmed.

HILL, C. J., and MILLIKEN, NEIKIRK, REED and STEINFELD, JJ., concur.

OSBORNE, J., concurs in the result only.