**Sara YOUNG, Appellant,**

**v.**

**J. Wellington YOUNG, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

Rehearing Denied May 12, 1972.

Aaron F. Overfelt, Bowling Green, for appellant.

Richard L. Garnett, Glasgow, for appellee.

STEINFELD, Chief Justice.

On November 5, 1970, appellant Sara Young petitioned for an order to hold appellee J. Wellington Young in contempt of

court because of his failure to comply with a 1964 judgment awarding her alimony and support for their three children. Young countered with a motion to set aside the original alimony and support awards and to permit him to pay the arrearage in small monthly payments. Contempt was adjudged, but the court authorized Young to purge himself of contempt by paying $150 per month beginning January 1, 1971, of which $100 would be applied on the amount found to be unpaid and $50 for support of the remaining minor child. The court terminated future alimony payments. It found that the amount of unpaid alimony and support was $19,304.21, for which a judgment not allowing interest was entered. The court also ordered that after the youngest child reaches 18 years of age the full amount of $150 per month, which Young must continue to pay, shall be applied toward liquidating the back indebtedness. The former wife appeals. We reverse.

After their separation the parties entered into a property settlement agreement which, subject to approval of the court, adjusted their respective property rights and provided that the husband and father would pay $3,000 per year as alimony and $2,000 per year as support for the children. Proportionate reductions were provided for as each child reached 18 years of age; however, Young agreed to pay an additional $1,000 per year for each child attending college. The property settlement was incorporated in the judgment of divorce and was therein approved by the court and became its judgment. In the present litigation it was conceded that Young had failed to pay all that he was ordered to pay and that the unpaid installments were approximately equal to the amount of arrearage found by the chancellor.

The wife unsuccessfully contended in the trial court, and contends here, that the court was powerless to alter the terms of the property settlement agreement (except as to child support) and that it had no authority to modify the 1964 judgment. The

former husband relies on such cases as Somerville v. Somerville, Ky., 339 S.W.2d 940 (1960); Bramblette v. Bramblette, Ky., 448 S.W.2d 44 (1969), and Ballard v. Ballard, Ky., 411 S.W.2d 330 (1967), to support the judgment appealed from. We believe it would unnecessarily lengthen this opinion to discuss these cases and that the authorities we will cite are controlling.

In Gann v. Gann, Ky., 347 S.W.2d 540 (1961), we wrote that the power of the court to modify an allowance of alimony existed " . . . unless the allowance is in gross or is based on an agreement and no express reservation was retained." Here the allowance was not in gross and there was no reservation. Richey v. Richey, Ky., 389 S.W.2d 914 (1965), held that " . . . a judgment incorporating an agreement specifying periodic payments of alimony may or may not be subject to modification by the court depending upon the nature of the particular agreement involved." Richey continued "If the agreement constitutes a property settlement agreement as such, that is, is meant as a final settlement of the property rights and claims of the parties, or if it combines the elements of both alimony and property settlement without separating the amounts for each, the court is without authority to vacate such agreement and disturb the property rights thereby gained." The Young contract was meant to be and was a final settlement of the property rights and claims of the parties. Under these holdings the chancellor erroneously relieved the former husband of compliance with the terms of the agreement. Cf. Distler v. Distler, 309 Ky. 454, 218 S.W.2d 26 (1949). It was permissible for the court, using sound discretion after a proper showing, to reduce the amount for future child support for the youngest child. Conversely, the court was without the power to grant relief to the father of payment of accrued obligations. Middleton v. Middleton, 235 Ky. 395, 31 S.W.2d 615 (1930); Ullman v. Ullman, Ky., 302 S.W.2d 849 (1957); and

Guthrie v. Guthrie, Ky., 429 S.W.2d 32 (1968).

 The final argument is that the court was required to award interest on the judgment. KRS 360.040 provides "A judgment shall bear legal interest from its date." The intent of the statute is that interest ordinarily should run from the date when each payment became due and payable; however, in Guthrie v. Guthrie, Ky., 429 S.W.2d 32 (1968), we held that if there are factors making it inequitable to require payment of interest it may be disallowed. Such factors may exist here, which the chancellor will determine.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.