RENDERED:  MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0839-MR

PHILLIP B. ALLEN                                                         APPELLANT


                        APPEAL FROM KENTON CIRCUIT COURT
v.                           FAMILY COURT DIVISION
                   HONORABLE CHRISTOPHER J. MEHLING, JUDGE
                           ACTION NO. 94-CI-00408


TAMI V. BURGOYNE                                                        APPELLEE


                                    OPINION
                               REVERSING AND
                        REMANDING WITH DIRECTIONS

                                ** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; EASTON AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Phillip B. Allen brings this appeal from a June 25, 2021,

Order of the Kenton Circuit Court, Family Court Division, that awarded more than

two million dollars in interest on a child support arrearage.  We reverse and

remand with directions.

## BACKGROUND

Phillip B. Allen and Tami V. Burgoyne were married on August 29, 1987, and had two children, Rebecca and Phillip. Rebecca was born on July 11, 1988, and Phillip was born on January 15, 1992.[1] On March 15, 1994, Allen, *pro se*, filed a Petition for Dissolution of Marriage.[2] Shortly thereafter, on April 4, 1994, Christopher J. Mehling and Philip Taliaferro filed an Entry of Appearance for Burgoyne, which was signed by Mehling. Record at 6. The record reveals that Mehling and Taliaferro represented Burgoyne through at least July 12, 1994. On that date, Mehling, on behalf of Burgoyne, signed an Agreed Order, substituting William Hillman as council for Burgoyne. Record at 32.

The parties' marriage was eventually dissolved by Decree of Dissolution dated December 22, 1995. Beginning in 1995, Allen failed to make timely child support payments, thus resulting in arrearages. For instance, by an August 25, 1995, Agreed Order, the family court set the child support arrearage at $21,009.26. And, by an April 13, 2000, Order, the family court set Allen's arrearage at $285,049.36. However, by Judgment entered May 9, 2018, the family

---

[1] Rebecca Allen was emancipated in 2006 and Phillip B. Allen, Jr. was emancipated in 2010. Pursuant to Kentucky Revised Statutes (KRS) 403.213(3), the emancipation of a child does not terminate child support arrearages accrued while the child was a minor.

[2] The record reflects that Phillip Allen is an attorney licensed in the state of Illinois.

court determined Allen's child support arrearage, including applicable interest, was $135,136.50, effective as of October 26, 2017.

After entry of the 2018 Judgment, Burgoyne filed a motion for contempt on May 13, 2020, for Allen's failure to comply with the 2018 Judgment. After conducting a zoom hearing on June 24, 2020, the family court ordered the parties to submit an interest calculation. In response, Burgoyne sought interest on the child support arrearage dating back to April 13, 2000, when an order was entered setting the arrearage amount at $285,049.36. Burgoyne then filed the affidavit of J. Whitney Stith, a certified public accountant. According to Stith, the total interest accrued on the $285,049.36 child support arrearage, set by the April 13, 2000, Order, was $2,315,571.29, as of April 27, 2021. Considering payments made by Allen since April 13, 2000, Stith concluded that Allen's payoff for the arrearage was $2,289,313.38, inclusive of all accrued interest.

Allen filed a response to Burgoyne's motion and Stith's affidavit. Therein, Allen stated that he did "not question the accuracy of the calculations." Record at 270. Allen argued that under Kentucky Revised Statutes (KRS) 360.040, Burgoyne was only entitled to interest from the date the arrearage judgment was entered in 2018, effective October 26, 2017. He further argued that it was improper and punitive to impose interest from the April 13, 2000, Order, as it was over twenty years old.

-3-

Another Zoom hearing was conducted in June of 2021. By Order entered June 25, 2021, the family court awarded Burgoyne interest in the amount sought. The court stated:

1. In Kentucky, an award of interest on a judgment is governed by KRS 360.040. The current statutory rate is 12%. However, an award of interest is not limited to a situation wherein a judgment has been entered. In *Young v. Young*, [479 S.W.2d 20, 22 (Ky. App. 1972)], the Court of Appeals held, "The intent of the statute is that interest ordinarily should run from the date when each payment became due and payable."

2. In the present case, the arrearage became due and payable when the court entered the April 13, 2000, order setting [Allen]'s arrearage at $285,049.36.

3. [Burgoyne]'s motion is well-taken pursuant to Kentucky law.

4. [Allen] does not question the accuracy of [Burgoyne]'s calculations as set forth in the affidavit of CPA, Whitney Stith.

5. Accordingly, the total amount due from [Allen] to [Burgoyne] as of April 27, 2021, is $2,289,313.38.

Record at 273. This appeal follows.

Allen contends the family court erroneously awarded interest in the amount of $2,315,571.29 beginning from the April 13, 2000, Order. Allen asserts that the child support arrearage at the time the court ordered interest in 2021 was only $54,160, based on the county attorney's child support records. By ordering

over two million dollars in interest, Allen asserts that the court was acting punitively and that he would not be able to pay same. Additionally, Allen states that he is over 72 years old and that both children are emancipated. Other facts will be addressed as necessary in the Opinion.

DISQUALIFICATION OF JUDGE
MEHLING NOT REQUIRED

Allen's first argument on appeal is that this Court must disqualify Judge Mehling and vacate the June 25, 2021, Order. For the reasons stated, we disagree.

There is no dispute as set out in the record below that Judge Mehling, then a practicing attorney, represented Burgoyne at the outset of this case, beginning in April of 1994. After entering an appearance, Mehling and his partner, Philip Taliaferro, represented Burgoyne until July 12, 1994, when another attorney was retained. Mehling was elected as a Kenton County Family Court Judge in November of 2006 and assumed office on January 1, 2007, whereupon this case was assigned to his docket.

In February of 2008, Judge Mehling apparently made the parties aware of his potential conflict and a hearing was conducted on February 19, 2008, in which Allen appeared by telephone. Unfortunately, the telephone conference was conducted in chambers and was not recorded in the record of this case. However, upon returning to the bench, Judge Mehling went back on the official

-5-

court record, in the presence of Burgoyne's counsel. Therein, he reported that he had disclosed his prior representation of Burgoyne and the parties were both in agreement that his recusal was not necessary. The family court noted that the parties were to sign and tender an agreed order. Record, February 19, 2008, court hearing, 2:37:15-2:50.

Unfortunately, the agreed order was never tendered nor entered in the record. However, Allen never filed any subsequent motion for Judge Mehling to recuse, never filed an affidavit for review by the Chief Justice pursuant to KRS 26A.020, and never raised the recusal issue again until filing his appellate brief with this Court on February 11, 2022.[3]

Based on our review of the record, we conclude that Judge Mehling sufficiently satisfied the remittal of disqualification requirement set forth in Canon 3F, of Supreme Court Rule 4.300.[4] Likewise, given Allen's failure to object on the record or file a motion to recuse during the sixteen years that Judge Mehling was assigned this case, he waived any objection to Judge Mehling presiding over the case. *See Bussell v. Commonwealth*, 882 S.W.2d 111, 113 (Ky. 1994).

---

[3] At a subsequent hearing on July 31, 2017, Allen appeared again by telephone. During the hearing, the Judge announced again that the parties had waived his recusal in 2008, to which Allen made no response or objection.

[4] This provision of the Code of Judicial Conduct was in effect on January 1, 2007, when Judge Mehling assumed the bench. The current code was implemented by Supreme Court Order 2018-04, effective January 31, 2018. The disqualification remittal provisions are essentially the same.

Accordingly, any orders entered by Judge Mehling since 2007 are not void or voidable as argued by Allen. We also take judicial notice that Judge Mehling retired effective December 31, 2022, making his removal from this case a moot issue on remand.

## INTEREST ANALYSIS

KRS 360.040(2) controls interest on unpaid child support payments. The statute reads:

> (2) A judgment for unpaid child support payments shall bear twelve percent (12%) interest compounded annually from the date the judgment is entered.

The law is clearly established that "[o]nce a [child support] payment becomes delinquent, it becomes a judgment, and interest generally runs from the payment's due date until it is paid." *Gibson v. Gibson*, 211 S.W.3d 601, 611 (Ky. App. 2006). However, whether to award interest on a child support arrearage is clearly within the sound discretion of the family court. *Id.* at 611. While the award of interest is discretionary with the court, it may be denied "if there are factors making it inequitable." *Id.*; *see also Young v. Young*, 479 S.W.2d 20, 22 (Ky. 1972).[5]

---

[5] This Court is cognizant of our Supreme Court's decision in *Doyle v. Doyle*, 549 S.W.3d 450 (Ky. 2018). However, that case is distinguishable from the facts of this case as it pertains to whether postjudgment interest could be awarded on a judgment regarding marital property, not child support arrearages. The Supreme Court concluded that the judgment was required to bear interest. There is no language in *Doyle* that expressly overrules the line of cases involving postjudgment interest on child support arrearages in Kentucky relevant to this appeal.

In this case, it is undisputed that Allen's child support arrearages date back to 1995. Based on our review, the record does not reflect that interest was ever requested or referenced in any court motions or orders prior to 2018, including the April 13, 2000, Order. In June of 2017, Burgoyne filed a motion for contempt and further sought to reduce the arrearages to a sum certain. At a hearing on July 31, 2017, the family court specifically addressed the consequences of entering a judgment, including the accumulation of postjudgment interest thereon. At the conclusion of the hearing, Burgoyne requested the court to not enter a judgment, but rather a specific payment schedule for Allen, that was formalized into an Agreed Order entered August 24, 2017. Record at 201. Thereafter, in September of 2017, after Allen failed to comply with all of the agreed terms, the family court requested the child support collection division to provide an audit of the arrearage collections.[6] A report was filed with the family court in October of 2017 that reflected the total child support owed by Allen as of October 26, 2017, to be $135,136.80, for which the family court announced a judgment would be entered at a hearing on that date. Record at 213. The record also reflects that the family court inquired of the possibility of settlement and the matter was passed to a

---

[6] Presumably this is an office within the Kenton County Attorney's Office responsible for collecting child support payments.

hearing in February of 2018.  By Judgment entered May 9, 2018, following a

hearing on February 21, 2018, the family court ruled as follows:

> **IT IS HEREBY ORDERED AND ADJUDGED,** that all amounts owed by [Allen], including applicable interest, are hereby reduced to a judgment in the amount of $135,136.50, effective October 26, 2017.  It is further **ORDERED AND ADJUGED** that [Allen]'s monthly child support arrearage payments be increased to $2000 and paid through the Division of Child Support, due the 15th day of each month.

Record at 216.

This Judgment clearly states that interest had been included in the

judgment through October 26, 2017.  The language therein establishes that this was

a final and appealable judgment per Kentucky Rules of Civil Procedure (CR)

54.01.  Equally important, the Judgment was prepared by counsel for Burgoyne

and tendered to the family court for entry.  Neither party contested nor appealed

this Judgment.  Thus, it became binding on both parties to this action and a final

adjudication regarding accrued interest through October of 2017.  Inexplicably, the

June 25, 2021, Order entered by the family court setting the current arrearage,

inclusive of interest at $2,289,313.38, makes no reference whatsoever to the

judgment entered May 9, 2018.  This, on its face, was clearly an error of law, as

well as an abuse of discretion that requires reversal of the family court's order entered June 25, 2021.[7]

On remand, pursuant to KRS 360.040(2), the family court shall limit Burgoyne's motion for postjudgment interest on the child support arrearage to the period beginning after October 26, 2017, the effective date of the May 9, 2018, Judgment. Also, the family court shall limit the application of postjudgment interest to amounts accruing on the judgment balance of $135,136.50. Of course, Allen shall be given credit for any and all payments made after October 26, 2017.

For the foregoing reasons, the Order of the Kenton Circuit Court, Family Court Division, is reversed and remanded with directions to enter an order on the child support arrearage consistent with this Opinion.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEFS FOR APPELLEE: |
| --- | --- |
| Phillip B. Allen, *Pro Se*<br>Richmond, California | Michelle L. Burden<br>Ft. Michell, Kentucky |

---

[7] We do not reach or address the issue of whether the award of over $2,300,000 of interest on the child support arrearage was inequitable, which was not addressed by the family court below. However, we note that this award of interest was more than seventeen times the amount of the arrearage Judgment entered on May 9, 2018.